REYNOLDS et al. *v.* ROWLEY et al.

A defendant, who is a mere nominal party, having no interest in the event of the suit, may
be examined as witness against her co-defendants.

Acknowledgements and declarations by a person who had been an agent of the party against
whom they are offered, made after his agency had ceased, are inadmissible.

The acknowledgment of a debt by one joint debtor will not interrupt prescription as to his co-
debtor.   C. C. 3517.

Declarations of a person examined as a witness in a cause, made under oath while testifying
as a witness for one of the defendants in another cause, are inadmissible.  The party
against whom the testimony is offered cannot be deprived of the right of cross-examining
the witness as to the facts sworn to on another occasion.

A defendant cannot deprive a co-defendant of the right to challenge a juror peremptorily.

A copy of the *procès-verbal* of a sale made by a probate judge, is evidence of the sale.

The testimony of a witness who resides out of the State, taken on a former trial, is admissible in evidence. *Per Curiam:* It would be oppressive to require his testimony to be taken anew at every trial.

A report of experts, to whom an account sued on had been referred, not homologated, and which appeared to have been abandoned by both parties, should not be allowed to go to the jury.

A married woman having, under art. 2361 of the Civil Code, the right to administer personally her paraphernal property, may appoint an agent to act for her in its administration, and she will be responsible for his acts.

Where a married woman retains the right to administer personally her paraphernal property without the assistance of her husband, her marriage will not revoke the powers of an agent who had been previously entrusted with its administration.

Though an agent had no authority, under his mandate, to sign notes or draw bills, yet if he receive from a party the proceeds of notes and bills so signed by him, as loans for the use of the plantation with the management of which he was entrusted by his principal, the latter will be responsible for the amount.

A special power to do acts not coming under the denomination of acts of administration, need not state the specific acts to be done.

Admissions of any fact, made by an agent during the continuance of his agency, relating directly to the business entrusted to him, are binding on the principal, particularly if the fact so admitted be a thing done by the agent himself, or within his own knowledge.

Actions by factors on open accounts are not prescribed by three or five years.

APPEAL from the District Court of Concordia, *Curry,* J. *Elam,* for the appellants. *Sparrow, T. P. Farrar, Shaw* and *A. N. Ogden,* for the defendants. The judgment of the court was pronounced by

ROST, J. This case was remanded by the late Supreme Court on several bills of exception, and is reported in 3 Rob. 201. On the first trial in the court below, the jury gave a verdict in favor of the plaintiffs ; the defendants failed in the attempt to have it set aside, and appealed. On the second trial, there was a verdict in favor of the defendants in reconvention, for one cent ; the plaintiffs did not move for a new trial, and appealed.

After a careful examination of the evidence, we have come to the conclusion that we cannot affirm the judgment. 1. The fact that in two successive trials each party has obtained a verdict, neutralises the effect which, under ordinary circumstances, is properly given to the decision of juries. 2. From the manner in which the case went to the jury, we find it impossible to ascertain on what grounds the last verdict was rendered, and whether it was the result of the view the jury took of the law of the case, or of the nature and credit of the evidence adduced in support of the facts. 3. The fact specially pleaded by the defendants of the payment of $20,000 on the account sued on, and their admission in the answer that the plaintiffs were factors of the *Marengo* plantation, has created on our minds the impression that there may be a balance due and unpaid on those accounts. 4. Improper evidence was suffered to go to the jury. We think justice requires that the case should be remanded ; and in making that disposition of it, we will pass upon the matters contained in the numerous bills of exceptions found in the record, and lay down such rules for the trial of the case as will reduce it to little more than a question of fact, in the hope that such a course will facilitate the termination of this harrassing controversy.

I. The evidence of *Mrs. Francis E. Sprague* was properly admitted against the other defendants, she being a nominal party, and having no interest in the event of the suit.

II. The acknowledgment and declarations of *Sprague,* in relation to the

document marked A, and the document itself, were properly rejected, under the decision of the late Supreme Court. The agency of *Sprague* was at an end at that time, and the other defendants cannot be affected by acknowledgments made by *Sprague* and his wife, in their own affairs. This evidence forms no part of the *res gestæ*, and the liability of the defendants, being joint, the acknowledgment of the debt by one of them could not interrupt prescription as to the others. C. C. 3517.

III. The document L. L. D. was properly rejected, so far as *Mrs. Rowley* and the heirs of *James Kempe* were concerned, for the reasons given in relation to document marked A.

IV. The declarations of *Mrs. Sprague*, given under oath as a witness for *Mrs. Rowley*, in the suit of *Jane Rowley* against *Charles N. Rowley*, her husband, were properly rejected. *Mrs. Sprague* is a witness in the cause, and would no doubt have testified to the same facts if called upon to do so. The defendants ought not to be debarred from the right of cross-examining her upon the facts sworn to by her on another occasion.

V. The court erred in ordering the juror, *Henry Vidal*, to be sworn, after he had been peremptorily challenged by the counsel of *Mrs. Rowley*. There had been but one peremptory challenge at the time, and *Mrs. Rowley* could not be deprived of the right which the law gives her, by the request of one of her co-defendants that the juror should be sworn in the case.

VI. The notes marked B. 1, B. 2, B. 3, were properly admitted in evidence. They are acknowledged in the answers of the defendants. The copy of the *procès-verbal* of the sale of the *Marengo* plantation by the judge of the Court of Probates, was also properly admitted. It is the evidence of a judicial sale, and does not require witnesses to make it authentic.

The testimony of *Charles A. Lacoste*, taken down in writing on a former trial, could not be rejected on the grounds urged against its admission. That witness resides out of the State, and it would be oppressive and unjust to require his testimony to be taken anew at every trial. We will, however, observe that his testimony is so loosely taken down, that we think it ought to be taken again, so as to place his evidence before a jury as it really is. He is clearly a competent witness; his position and former connection in business with the plaintiffs, going only to his credibility.

The court erred in permitting the report of the experts, to whom the account sued on had been referred, to go to the jury. That report had not been homologated; both parties appear to have abandoned it, and to have gone to trial as if the reference had not been made. Under those circumstances, the report of the experts had no more value than a statement of the same facts made by any other person. It was not evidence, and should have been rejected.

VII. The letters and account of *Remson & Co.* were admissible to prove their own existence, and for the purpose of facilitating and completing the proof that the advances charged to *Mrs. Rowley* had been made; but unless the fact of those advances and the payment of them by the plaintiffs were proved *aliunde*, those documents proved nothing against her, and the jury should have been so charged. The accounts-current, Nos. 1, 2, 3 and 4, were properly admitted; they were a part of the pleadings in the case, and an indispensable requisite of the action. Their going to the jury did not dispense the plaintiffs from the necessity of proving them; and we have not been informed how they could have been proved, unless they were first produced.

VIII. The testimony of *Coleman R. Brown*, taken on a former trial, was also properly admitted, the witness residing out of the jurisdiction of the court.

The opinion we have formed on the law of the case, renders the examination of the remaining bills of exception unnecessary. The law by which it is to be decided, we consider to be as follows:

1st. The alleged incapacity in *Mrs. Rowley* to contract, and give a power of attorney, during the years 1832, 1833, and 1834, based upon the alleged nullity of the judgment of separation from bed and board between her and *Francis A. Girault*, and her subsequent marriage with *Charles N. Rowley*, is no defence against any sum which may be found due from her, under the allegations of the petition. If she did administer in her own right and name, and designate *Sprague* to her factors as her agent in the administration of the *Marengo* plantation, she is bound in good conscience and on general principles for the consequences of his administration. But besides this her share in that estate was paraphernal, and, under article 2361 of the Louisiana Code, the wife has the right to administer personally her paraphernal property, without the assistance of her husband. What she could do by herself, she could authorise another to do. She had from the beginning, in relation to the administration of that property, all the powers of a *feme sole*.

The power of attorney to *Sprague* was not revoked by her subsequent marriage with *Charles N. Rowley*. According to Judge Story, the reason that, as a general rule, marriage revokes powers of attorney previously given by the wife is, that the power of constituting an agent is founded on the right of the principal to do the business himself, and, when that right ceases, the right of constituting an agent must cease also. Story on Agency, 501. In this case the law gave *Mrs. Rowley* the right to administer after marriage without the assistance of her husband, and therefore the rule does not apply.

2d. The contracting of debts by *Sprague* in the name of the *Marengo* plantation brings those contracts within the power of attorney, provided the advances were reasonable in amount, and made by the plaintiffs under the honest belief that they would be applied according to the true intent and meaning of the mandate. It is necessary that those advances should have been made in good faith for the *Marengo* plantation, and not on the account of *Sprague*, or any one else ; and if they were so made, the plaintiffs were not responsible for the subsequent appropriation of them by *Sprague*.

The contracts were not made in *Sprague's* own name, and he was not upon their face responsible for them. They were made in the name of the *Marengo* plantation ; and we are of opinion that that name sufficiently designated the persons, or partnership, on whose account the debts were contracted. It may be true that *Sprague* had no right, under the power of attorney, to sign notes and draw bills as he did ; but, if he received from the plaintiffs the proceeds of those bills as loans made to the *Marengo* plantation, the owners of that plantation are responsible for the amount so received.

If the ground taken by the defendants' counsel that, under our laws, special powers to do certain acts, to borrow money, for instance, must in all cases mention the specific acts to be done, was based upon recent legislation, the construction contended for by them would receive the serious consideration of the court. It appears to us that article 2966 is not to be construed as an absolute and independent provision, but as framed in illustration of the article immediately preceding it, 2965, which says, "if it be necessary to alienate, or give a

REYNOLDS
*v.*
ROWLEY.

mortgage, or to do any other act of ownership, the power must be express." But besides this consideration, the universal opinion has been ever since the adoption of the Code of 1808, from which the laws on that subject were transcribed in the Louisiana Code, that a special power to do acts not coming under the denomination of acts of administration, need not state the specific acts to be done. Under such powers, the business of our banks and of our merchants has been, and continues to be, transacted, and lands and slaves are daily sold and mortgaged. That popular construction of the law has become a rule of property; it is highly favorable to commerce, and we do not feel ourselves at liberty to disregard it.

3d. The admission of any fact made by *Sprague* during the continuance of his agency, having a direct relation to the business entrusted to him, is binding on the defendants, particularly if it be a thing done by *Sprague* himself, or within his own knowledge; but after the expiration of his agency, his admissions cannot prejudice or bind the defendants.

4th. In conclusion we will observe that, this action is brought on an open account, and that the proscriptions of three and five years are not applicable to it.

For the reasons assigned, it is ordered, that the judgment be reversed and the cause remanded for further proceedings, with instructions to the district judge to conform to the rules and opinions expressed in the reasons of this decree; the defendants and appellees paying the costs of this appeal.