KARL HANSEN CO., INC., v. BEEKMAN

(March 2, 1931. Opinion and Decree.)
(March 23, 1931. Rehearing Refused.)
(April 27, 1931. Writs of Certiorari and Review Refused by Supreme Court.)

Charles J. Rivet, of New Orleans, attorney for plaintiff, appellee.

Cahn & Cahn, of New Orleans, attorneys for defendant, appellant.

JANVIER, J. The Karl Hansen Company, Inc., and Ben Beekman entered into a contract under which the former undertook to furnish and install in the store building of the latter certain show windows and to do other work, all in accordance with plans and specifications drawn and prepared by Messrs. Andry & Feitel, architects. The work was to be done under the supervision of the architects.

Certain disputes arose as to whether some of the work required by the architects was in fact included within the plans and specifications, or constituted extra work. Delays ensued, due largely to the disputes over the proper interpretation of the plans, and finally, in order that the Hansen Company might secure payment, it was agreed that the architects should certify the work to be substantially completed if the Hansen Company would agree that, within thirty days after the issuance of the said certificate of substantial completion, it would do certain things mentioned in a certain letter as actually incomplete, and would submit a list of all of the extra work done and for which it intended to charge.

The list of extras was submitted, and the payment was made. In the list of extras there was not included various items which form the basis of this suit. Thirty days after receipt of the payment already referred to, a final payment in the sum of $4,455 was accepted by the Hansen Company, and that company executed a receipt, on which appeared a statement made by the architects and reading as follows:

"N. O. La. Jan. 11th, 1927.
"The above sum of Four Thousand four Hundred and fifty-five dollars ($4455-00/100) is correct balance due to the Karl Hansen & Co. Inc. on show window con-

tract and the extra work resulting from this contract.

"Andry & Feitel, Architects
"Per Paul Andry."

After receiving this payment and on the same day, the Hansen Company, in writing, demanded of Messrs. Andry & Feitel, the architects, payment for certain extras, which, though not described in detail in the said written demand, formed the basis of this suit, and totaled, according to the petition, $305.

The said items, as we have stated, were not included in the list of extras sent to the architects when the certificate of substantial completion was issued, and plaintiff now contends that the acceptance by it of settlement in full from Beekman did not constitute a settlement for those extras, because it maintains that payment for those extras was not in fact due by Beekman because they were ordered by the architects and for their own account, and were made necessary because of faults and omissions in the plans and specifications. When demand was made on the architects, they denied their responsibility for any of the items, and referred the claimant to Beekman. Thereupon demand was made upon Beekman, who seems to have paid no attention thereto, and it is now claimed by plaintiff that Beekman's silence and his failure to deny his responsibility for extras ordered by the architects constitutes his acquiescence in the statement of the architects that the said extras were properly chargeable to him.

It thus appears that it is now sought to hold Beekman, not because the work was done for him and not because it was done as an extra to the contract between him and plaintiff, but because, though it was originally done for some one else, he remained silent when he should have spoken and thus tacitly agreed that, if there was any liability, it was on him. The trial court appointed an expert to examine the evidence and the plans and specifications and to report on the question of whether or not the items in dispute were actually included in those plans and specifications, or were, in fact, supplementary and in addition thereto. The expert reported that, in his opinion, the said items did not in fact constitute extras, but were properly within the contemplation of the original plans and specifications. It is said that, since the expert's report was not formally homologated, it is not in evidence and cannot be considered by us, and the following authorities are cited in support of this proposition: McNair v. Gourrier, 40 La. Ann. 353, 4 So. 310; Reynolds et al. v. Rowley et al., 2 La. Ann. 890.

Plaintiff also complains that the expert did not content himself with investigating and reporting on the facts and on matters within his expert knowledge, but undertook to advise the court with reference to the law applicable to compromises, and, in this regard, we believe that the expert exceeded his authority and prerogative.

Whether the expert's report may be considered by us and whether he exceeded his authority and prerogative are matters of no substantial importance, since the evidence on which the report is based is all before us, and since, whatever may have been the extent of the duties of the expert, our duty requires us to pass upon the law.

Since we believe that plaintiff's conduct, in allowing the architects and Beekman to

make the final payment of $4,455, was such as to warrant the belief that that amount was accepted in full settlement for all claims growing out of the work, we do not think that it is necessary for us to pass upon the question of whether the items now sued for were actually extras, or were included within the original plans and specifications.

The letters which are in evidence show that the Hansen Company knew that Beekman was fully aware of the various disputes, and the work claimed as extra was so closely allied with the original work that both the architects and Beekman were justified in believing that these items, if they were extras, were contemplated as included in the statement on the receipt to the effect that it represented the balance due for work done under the contract and for extras. Plaintiff contends that compromises must be in writing and that everything intended to be compromised must be included in the document and that no one document sets forth a complete compromise. We find that the compromise here did not consist of one document, but of several, and that a fair interpretation of those documents includes the work now sued for.

If there was an intention on the part of the plaintiff to reserve its rights to claim from the architects an additional sum, we think the circumstances were such that it should have made a clear reservation of that right. The fact that it waited until it had received settlement from Beekman to assert its claim against the architects indicates that there was some fear that, if it first asserted its claim against the architects, settlement would not be forthcoming from Beekman.

The fact that, on one prior occasion, the architects had themselves paid for work which was made necessary because of their oversight, did not establish the custom that whatever they might thereafter order was for their account and not for account of the owner.

The trial court rendered judgment for one of the items amounting to $130. Defendant has appealed and asked for a dismissal of the suit. Plaintiff, by answer to the appeal, asked that the judgment be increased to $279. We think the suit should have been dismissed.

The judgment appealed from is annulled, avoided, and reversed, and there is now judgment in favor of defendant, Ben Beekman, dismissing plaintiff's suit, at the cost of plaintiff and appellee.