ROGERS, J.
 

 James B. Hill, B. E. McCarthy, and J. C. Bradford, the appellees, obtained a judgment against W. Harry Johnson in the First district court for the parish of Caddo in the sum of approximately $96,000. In execution of the judgment, a writ of fieri facias was issued, accompanied by garnishment process. W. Harry Johnson, receiver of the Caddo Transfer & Warehouse Company, was made garnishee, and, in answer to the interrogatories propounded, admitted that the receivership was indebted to him personally under a certain contract of lease executed on January 23, 1925, duly recorded in the conveyance records of the parish, in the sum of $18,982.44 and for money advanced in the sum of $6,820.42, or a total admitted indebtedness due the judgment debtor by the garnishee of $25,S02.86. Against this indebtedness, however, the garnishee claimed certain offsets amounting in the aggregate to $28,219.99.
 

 The judgment creditors of W. Harry Johnson traversed the garnishee’s answers, claiming that the garnishee was indebted to their judgment debtor in the sum of approximately $60,000 under the lease in question.
 

 In the meantime, W. Harry Johnson, receiver of the Caddo Transfer & Warehouse Company, Inc., being appointed as such in the suit of the General Motors Truck Company of Louisiana, Inc., against that corporation, filed a list of the ordinary creditors of the Caddo Transfer & Warehouse Company, Inc., prior to the receivership, together with an application to pay the creditors listed a 10 per cent, dividend, aggregating $2,700.
 

 
 *647
 
 James B. Hill, B. E. McCarthy, and J. C. Bradford, opposed the list of creditors, praying that they be recognized as preferred creditors to the extent of whatever judgment might be rendered in their favor in the garnishment proceeding; and they also opposed the application to pay the sum of $2,700 to the ordinary creditors, praying that the amount be paid to them by preference and priority.
 

 The oppositions and the rule to traverse the garnishee’s answers were consolidated for the purpose of trial. Only one judgment was •rendered. The court below held that the garnishee was indebted to W. Harry Johnson in-the sum of $19,602.86, and gave judgment accordingly. The court also sustained the oppositions to the list of creditors and the application to pay dividends, ordering that the opponents be recognized as preferred creditors in the sum of $19,602.86 and that the sum of $2,700 be paid to them in preference to the ordinary creditors of the garnishee.
 

 W. Harry Johnson, individually and as receiver, appealed. J. B. Hill, B. E. McCarthy, and J. C. Bradford have answered the appeal, praying that the judgment in their favor he increased from $19,602.S<> to the sum of $61,245.55; otherwise to be affirmed.
 

 Appellant contends that the property sought to be seized herein is not subject to seizure, being in custodia legis, and that apipellee’s rule to traverse the garnishee’s an-, .swers fails to disclose a cause of action.
 

 The property sought, to be seized is a debt due by the receivership to W. Harry Johnson personally. It is not the property of the receivership, but the property of an individual. As such, we see no reason why it cannot be seized under garnishment process. Appellant has not referred us to any law prohibiting the seizure.
 

 On the day the rule to traverse the garnishee’s answers was set for trial, appellant filed an exception of no cause of action. But, without urging the exception, he went to trial on the merits, thereby, in effect, waiving the exception, which was not passed on by the judge of the district court. Appellant cannot revive the exception in this court. Reynolds v. Rowley, 3 Rob. 201, 3S Am. Dec. 233.
 

 The garnishee expressly admitted, in his answers to the interrogatories, an indebtedness of $25,802.86 to appellees’ judgment debt- or ; and he has not shown us wherein the court below erred in refusing to permit him to offset against the indebtedness the alleged guaranties of debts of the Monroe Transfer & Warehouse Company for $4,656.90 and the Meriwether Supply Company for $5,621.87 and the alleged remission of rent from September 30, 1930, to June 30, 1931, amounting to $11,741.22;
 

 The court below properly allowed, as offsets to the admitted indebtedness, funds drawn out by W. Harry Johnson as receiver for the year,s 1930 and 1931, amounting to $5,700 and an amount of $500 paid on August 17, 1931, to Blanchard, Goldstein, Walker & O’Quinn on account of a rent claim.
 

 It appears from the record that there is nothing to show the amount of rent paid by the Caddo Transfer & Warehouse Company, Inc., to its lessor, W. Harry Johnson, prior to June 30, 1927, but it is shown that the amount of rent paid under the lease from June 30, 1927 to June 30, 1931, was $45,574.-67.
 

 
 *649
 
 Appellees argue that under the terms of the lease, the rent at $25,000 a year, payable in monthly installments of $2,0S3.34 each, from June 30, 1927, to June 30, 1931, a period of four years, amounte,d to $100,000; that after subtracting the payments of $45,374.67 from this amount, the balance due on the rent is $54,425.13, to which must be added $6,820.42 advanced to the garnishee, or a total indebtedness due W. Harry Johnson by the garnishee of $61,245.55.
 

 But the evidence fairly shows, we think, that by agreement between the lessor and lessee the rent of the leased premises was reduced from $2,0S3.34 to $1,304.58 a month, which sufficiently explains why the admitted indebtedness under the lease, after crediting the payments thereon, is $18,982.44, and not a larger amount.
 

 Appellant argues that appellees cannot claim a privilege as creditors of the receivership, because he'himself has not claimed any such privilege. But appellant has not referred us to any law in support of his argument.
 

 As we appreciate the law, it does not permit appellant to exercise his generosity in favor of the ordinary creditors of the receivership at the expense of his individual creditors who have succeeded to his rights. The seizure of the debt due appellant by the receivership vested in the seizing creditors the privilege securing the debt as an accessory thereto. Civ. Code, art. 2645.
 

 None of the parties to the appeal has shown any good reason why the judgment appealed from should be disturbed by this court.
 

 For the reasons assigned, the judgment appealed from is affirmed.
 

 O’NIELL, C. J., concurs in the result, but not in the approval of Reynolds v. Rowley, 3 Rob. 201, 38 Am. Dec. 233. (