297 So.2d 465 (1974)
Mildred Loyd SAMFORD, Plaintiff-Appellant,
v.
Jack Howell SAMFORD, Defendant-Appellee.
No. 12364.
Court of Appeal of Louisiana, Second Circuit.
July 1, 1974.
*466 Love, Rigby, Dehan & Love by Samuel P. Love, Jr., Shreveport, for plaintiff-appellant.
Simon, Carroll, Fitzgerald & Fraser by Richard A. Fraser, Jr., Shreveport, for defendant-appellee.
Before AYRES, BOLIN and PRICE, JJ.
BOLIN, Judge.
From a judgment of final divorce granted January 10, 1974, in favor of Jack Howell Samford against Mildred Loyd Samford, the latter appeals. Mr. Samford answered the appeal, seeking damages for frivolous appeal. We amend the judgment by awarding appellee damages for a frivolous appeal.
The record establishes the wife had filed a separation suit October 12, 1972; the husband reconvened for judgment of separation on the dual grounds of abandonment and cruel treatment. The reconventional demand was tried on November 29, 1972, and on that date Mr. Samford, his attorney and witnesses, and the wife's attorney were all present. The husband agreed to pay $75 per month alimony pendente lite. The attorney for plaintiff declined to question the witnesses and judgment was signed granting the husband *467 a separation and fixing alimony pendente lite at $75 per month.
On November 30, 1973 Samford filed suit for final divorce, alleging no reconciliation had taken place between the parties, that more than one year had elapsed since the date of the judgment of separation became final, and that petitioner and defendant had continuously lived separate and apart since that time. After trial judgment of final divorce was granted in favor of the husband. Mrs. Samford's attorney, who was present throughout the divorce proceeding, asked petitioner only one question, that is, whether he had paid alimony for December and January, to which the witness answered he had paid $75 on December 1, 1973, but had not paid anything for January. No further questions were asked by this attorney. Judgment in favor of the husband was signed January 10, 1974, and Mrs. Samford appealed.
The sole basis for the appeal is the fact that the separation case was assigned to Judge John F. Fant but, for reasons which do not appear in the record, the case was heard by Judge C. J. Bolin. Appellant, relying on an alleged rule of the district court which purportedly requires the judge to whom a case is first assigned to conduct the trial, claims the proceedings were null and void. However, no such rule was introduced into evidence and no authority is cited in support of this proposition. The presence and participation of Mrs. Samford's attorney during both trials with no objection being made at either time, destroys any objection she may have had as to the propriety of the hearing before Judge Bolin. Further strengthening our conclusion is the fact the minutes of the lower court show that during the separation suit plaintiff's counsel was "present and consenting to these proceedings".
This brings us to the contention of appellee that the appeal is frivolous, without any real substance, and made only for the purpose of delaying the date judgment of divorce would become final, thereby extending the time the husband would remain liable for payment of $75 per month as alimony pendente lite. Appellee has asked the court to award $1850 damages to compensate him for this prospective loss, including as an element thereof his attorney's fee for answering the appeal.
We find the appeal is without any valid basis in fact or in law and was taken merely for delay. Under Louisiana Code of Civil Procedure 2164, which replaced Code of Practice Article 907, we are granted broadened authority to award damages for frivolous appeal. That article and comment (e) thereunder provide:
Art. 2164.
"The appellate court shall render any judgment which is just, legal, and proper upon the record on appeal. The court may award damages for frivolous appeal; and may tax the costs of the lower or appellate court, or any part thereof, against any party to the suit, as in its judgment may be considered equitable.

Official Revision Comments
* * * * * *
(e) The clause of this article which deals with damages for frivolous appeals is necessary to include the idea of Art. 907, Code of Practice of 1870. Art. 907 also dealt with costs, but this was omitted here because revised R.S. 13:4531 provides that appellant shall be primarily liable for costs. Furthermore, the above article gives the court discretion to award costs as it shall consider equitable. Art. 907 of the 1870 Code also spelled out the basis for the amount of damages for frivolous appeal (i. e., damages caused by delay) and fixed a maximum of ten percent. Under the above article the scope of damages is broadened to other than money judgments."
We will consider first the issue of whether the attorney's fee should be allowed as an element of damage. We are aware of the often repeated jurisprudential *468 rule that attorney's fees will not be awarded unless specifically authorized by statute or contract. However, in instances where the court finds an appeal has been taken solely for purposes of delay, and is therefore frivolous, the damage to appellee may consist solely or principally of the fee which he must pay his attorney to answer the appeal in order to establish that the appeal is frivolous. Under such circumstances the only real monetary damage which appellee would suffer would be his attorney's fee for protecting him from the possible reversal of his favorable judgment.
We find the attorney's fee is an element of the damages which may be awarded under C.C.P. 2164. Were we to conclude otherwise we would deprive a successful appellee of recovery of an element of damage to which he was subjected by the actions of the opposing party who has abused the judicial process in perfecting a groundless appeal. Since this particular type of damage does not occur until after rendition of the judgment by the lower court and the perfecting of the appeal, it cannot be claimed in the original suit. As a consequence, the usual rule of denying recovery for attorney's fees unless provided by contract or statute has no application. The appellate court, operating under the provisions of C.C.P. Art. 2164, should take into account every legitimate item of damages which plaintiff has suffered by reason of the unwarranted appeal taken only for purposes of delay. We find appellee is entitled to an award of $250 as attorney's fees.
Because of this baseless appeal Mr. Samford is also subjected to the prospect of a claim in the district court for continuing alimony payments of $75 per month during the period from January until such time as the decree in this case becomes final which, considering the necessary delays and procedures involved if appellant should pursue her claim to the Louisiana Supreme Court, could be ten months or more. For this possible loss appellee, Jack Howell Samford, is awarded judgment against appellant, Mildred Loyd Samford, for $750, conditioned upon the fact that this amount or any portion thereof may be used only as an offset or payment for any alimony claim asserted or collected by appellant from appellee after January 10, 1974.
The judgment of the lower court awarding a judgment of final divorce to appellee is affirmed; and it is further ordered that there be judgment in favor of appellee and against appellant for $250, and additionally for $750, the latter amount being subject to the conditions set forth hereinabove. Appellant is cast for all costs of this appeal.