460 So.2d 84 (1984)
Alex PROMISE, Plaintiff-Appellee,
v.
Mayor Hubert L. McGLOTHIN, et al., Defendants-Appellants.
No. 83-1036.
Court of Appeal of Louisiana, Third Circuit.
December 12, 1984.
Louis L. Vogt, Jonesville, for defendants-appellants.
James Garland Smith, Monroe, for plaintiff-appellee.
Before DOMENGEAUX, GUIDRY and KNOLL, JJ.
GUIDRY, Judge.
Alex Promise, the plaintiff, was employed as a fireman by the City of Ferriday. On June 3, 1983, some one year and eight months following his employment, he *85 was advised by letter from the fire chief, his immediate superior, that he was suspended from his duties as of that date because of his disrespect to the Mayor and City Hall staff and because of his arrest on a charge of disturbing the peace.
Plaintiff thereafter appeared at the June 14, 1983, meeting of the Mayor and City Council for the purpose of having his employment status determined but was denied the opportunity to speak on his own behalf. At this meeting, he was informed that the matter would not be considered by the City Council until he complied with the City of Ferriday-Grievance Procedurea copy of which was furnished to him at this meeting.
Plaintiff did not follow the grievance procedure but instead filed the instant suit seeking a court order mandamusing the Mayor and City Council of Ferriday to call a meeting, at which time he would be given the "opportunity to be heard and to have his job status determined." In response to plaintiff's petition, the trial court, on July 7, 1983, ordered that an alternative writ of mandamus issue directing the Mayor and City Council to hold a meeting for the purpose of hearing plaintiff or show cause why they should not do so. A hearing was held on this matter on July 18, 1983, and the trial court entered judgment ordering the Mayor and City Council to allow the plaintiff the opportunity to be heard at its next regularly scheduled meeting concerning his suspension. The City appealed suspensively.
On appeal, the City of Ferriday urges that the plaintiff is not entitled to a hearing because his employment has been terminated, rendering the question moot, and secondly, plaintiff did not exhaust his administrative remedies.
At the outset, it should be noted that appellant's contention that the issue is moot because plaintiff has been fired cannot be considered by this court. There is no evidence in the record to support the contention that plaintiff was fired. The Court of Appeal cannot consider evidence that is not in the record. Seymour v. Seymour, 423 So.2d 770 (La.App. 4th Cir. 1982).
A review of the record does lead us to conclude, however, that the plaintiff has failed to show that he is entitled to the remedy of mandamus.
Mandamus is an extraordinary remedy which is used sparingly and will not issue in doubtful cases. A writ of mandamus is issued to compel the performance of a ministerial duty required by law. (La.C. C.P. Art. 3863). Mandamus may also be issued in cases where the law provides no relief by ordinary means or where the delay involved in obtaining ordinary relief may cause injustice. La.C.C.P. Art. 3862. Board of Commissioners of the Lafourche Basin Levee District v. Board of Commissioners of Atchafalaya Basin Levee District, 340 So.2d 600 (La.App. 1st Cir.1976); Deville v. City of Oakdale, 180 So.2d 556 (La.App. 3rd Cir.1965).
In the instant case, the law imposes no absolute duty on the Mayor and City Council to allow plaintiff an opportunity to be heard at its next regularly scheduled meeting. Additionally, if plaintiff has been suspended or discharged from his employment improperly and without just cause, the law provides an adequate remedy for determination of this fact and for appropriate relief through ordinary proceedings. In this latter connection, there is no showing that plaintiff will be prejudiced in any way by proceeding via ordinaria. See Hays v. Louisiana Wild Life & Fisheries Commission, 153 So.2d 562 (La.App. 3rd Cir. 1963), writ denied, 244 La. 902, 154 So.2d 769 (1963). Accordingly, we determine that the trial court clearly erred in issuing a writ of mandamus in this case.
For the above and foregoing reasons, the judgment of the trial court is reversed and judgment is entered ordering plaintiff's suit dismissed. All costs at the trial level and on appeal are taxed to plaintiff.
REVERSED AND RENDERED.