SAVOIE, Judge.
Defendant appeals the trial court’s judgment ordering the sale of certain community property pursuant to a petition for partition.
On February 11,1988, plaintiff, Jeremiah St. Pierre, filed a petition for partition of the community of acquets and gains formerly existing between the parties. Attached thereto was a sworn descriptive list of all property allegedly owned by the community which he subsequently amended. On October 20, 1983, defendant filed an answer together with her sworn detailed descriptive list which she also subsequently amended. The matter was thereafter set for a pre-trial conference on February 27, 1984.
As a result of a May 30, 1984 status conference, the trial court signed a judgment requiring that the family home be partitioned by licitation. Such sale was based upon the court’s rationale that the home’s vacancy was subjecting the community assets to possible loss through vandalism.
Defendant suspensively appeals this judgment, asserting that the trial court erred in:
1. Rendering a judgment without the benefit of a hearing or a trial on the merits; and/alternatively
2. A. Ordering the partition by licitation of the community property immovable without benefit of a hearing or trial on the merits, and
B. Failing to set a minimum price for which the property could be sold.
Louisiana Revised Statute 9:2801 which sets forth the procedure for partitioning community property provides in pertinent part that “The trial of the traverses may be by summary procedure. At the trial of the traverses, the court shall determine the community assets and liabilities; the valuation of assets shall be determined at the trial on the merits. The court, in its discretion, may by ordinary procedure try and determine at one hearing all issues, including those raised in the traverses.” (Emphasis added). LSA-R.S. 9:2801(2). It is black letter law that the term trial denotes a contradictory hearing through either ordinary or summary process.
It is equally well settled in Louisiana that the purpose of a pre-trial conference is to limit the trial to contested issues. Daspit Bros. Marine Divers, Inc. v. Lionel J. Favret Construction Co., 436 So.2d 1223 (La.App. 5th Cir.1983).
To that end, Louisiana Code of Civil Procedure Article 1551 provides in pertinent part that where a pre-trial conference is held, “The court shall render an order which recites the action taken at the conference, the amendments allowed to the pleadings, and the agreements made by the parties as to any of the matters considered, and which limits the issues for trial to those not disposed of by admissions or agreement of counsel ...” This provision requires that the trial court render an or *577 der setting forth the agreements and stipulations of the parties entered into in a pre-trial conference. Walker v. Walker, 395 So.2d 433 (La.App. 3rd Cir.1981).
This rule has also been adopted by the 17th Judicial District Court, State of Louisiana. The court’s Rule 13(G) provides that at the conclusion of a pre-trial conference, the judge shall sign an order setting the case for trial, which order shall be filed in the suit record. Moreover, any agreements entered into at the conference shall be reduced to writing at the direction of the presiding judge.
In the matter sub judice, the record is devoid of any evidence of a contradictory hearing. Moreover, the record is notably absent any pre-trial stipulation or agreement of the parties that may be considered as a mutual resolution of the motions to traverse their respective descriptive lists. The record also fails to reflect the court’s rationale for issuing such judgment sans a contradictory hearing or stipulation of the parties. Under such circumstances we have no recourse but to remand.
An appellate court can remand an action for proper consideration, when the record is so incomplete that the court is unable to pronounce definitely on presented issues or where parties have failed, for whatever reasons, to produce available evidence material to a proper decision. Crews v. Crews, 432 So.2d 377 (La.App. 1st Cir.1983). We feel that in the interest of justice, the judgment of the trial court must be reversed and remanded. Having so found, any discussion of defendant’s second assignment of error is hereby preter-mitted.
For the above and foregoing reasons judgment of the trial court is hereby reversed and this matter remanded to the trial court for further proceedings consonant with this opinion. Plaintiff, Jeremiah St. Pierre, is to pay all costs.
REVERSED AND REMANDED.