567 So.2d 1155 (1990)
Marie ALLEN, Plaintiff-Appellant,
v.
IMTC, INC. and The Travelers Insurance Company, Defendants-Appellees.
No. 89-469.
Court of Appeal of Louisiana, Third Circuit.
October 3, 1990.
*1156 Marie Allen, Lake Charles, in pro. per.
Woodley, Williams, Rick J. Norman, Lake Charles, for defendants-appellees.
Before GUIDRY, STOKER and LABORDE, JJ.
STOKER, Judge.
Plaintiff-appellant, Marie Allen, sued her employer, IMTC, Inc., and its insurer, The Travelers Insurance Company, for workmen's compensation benefits. The plaintiff contends that she suffered an accident while employed as a hole watcher during her brief employment with IMTC, Inc. The trial judge concluded that plaintiff had failed to prove an on-the-job accident. We affirm that holding and award damages including an attorney fee for a frivolous appeal.

FACTS
Marie Allen was employed by IMTC, Inc. as a hole watcher whose official duties included observing holes while fellow employees worked in the holes for the purpose of detecting dangerous or hazardous conditions. According to Ms. Allen's testimony, on February 17, 1987, she was watching a hole when she began to detect an odor emanating from the hole. Ms. Allen's eyes began to burn and, fearing a chemical substance was to blame for her discomfort, she stumbled backward tripping over the "armpit" of a backhoe. She contends that this fall caused her to injure her back, neck and shoulders.

*1157 TRIAL COURT ACTION
Plaintiff filed a petition for workmen's compensation payments on May 13, 1987. The trial judge rendered judgment in favor of defendants, IMTC, Inc. and The Travelers Insurance Company, dismissing plaintiff's case. Plaintiff appealed the dismissal, re-urging her claim for worker's compensation benefits, penalties and an attorney fee and requesting an additional lump sum payment of $100,000. Defendants answered the appeal requesting damages and attorney fees for a frivolous appeal.

ASSIGNMENTS OF ERROR
Appellant urges four assignments of error: (1) that appellant's attorney provided inadequate legal representation; (2) that the trial judge erred in several respects including his determinations of credibility; (3) that appellant did not give the deposition purportedly given by her, excerpts of which were introduced into evidence by defendants; rather, appellant claims the only deposition given by her is one attached to her brief in support of this appeal; and (4) that appellant's attorney had a conflict of interest.

LAW

ASSIGNMENT OF ERROR NO. 1.
Appellant contends that her attorney at trial provided inadequate legal representation. It is well settled that the Sixth Amendment to the United States Constitution guarantees a criminal defendant reasonably effective assistance by counsel. U.S. Const. Amend. VI. Appellant cited no authority and we have found none for the proposition that she is entitled to appeal in a civil matter on the basis of ineffective assistance of counsel. If appellant's attorney provided inadequate services, her sole recourse is against her attorney in a malpractice action.

ASSIGNMENT OF ERROR NO. 2.
As we understand appellant's Assignment of Error No. 2, it is that the trial judge erred in citing certain contradictions in testimony as impeaching her which appellant believes did not constitute valid impeachment. Appellant attempts to bolster her argument by introducing documents attached to her brief which were not offered into evidence at the trial.
It is well settled that the court of appeal cannot examine evidence that is not in the record either because it has been unsuccessfully offered into the evidence or not offered at all. Harris v. Aetna Insurance Company, 509 So.2d 486 (La.App. 3d Cir.1987); Barnett v. Barnett, 477 So.2d 1289 (La.App. 3d Cir.1985); and Promise v. McGlothin, 460 So.2d 84 (La.App. 3d Cir. 1984). Thus, this court will confine its examination to the transcript of the trial court record.
It is also well settled that a court of appeal may not set aside a trial court's findings of fact in the absence of "manifest error." Rosell v. Esco, 549 So.2d 840 (La. 1989). The Supreme Court of Louisiana in Rosell explained the "manifest error" rule in the following quotations:
"When findings are based on determinations regarding the credibility of witnesses, the manifest errorclearly wrong standard demands great deference to the trier of fact's findings; for only the factfinder can be aware of the variations in demeanor and tone of voice that bear so heavily on the listener's understanding and belief in what is said. Canter [v. Koehring] supra [283 So.2d 716] at 724 [(La.1973)], Virgil v. American Guarantee & Liability Ins. Co., 507 So.2d 825, 826 (La.1987); Boulos v. Morrison, 503 So.2d 1, 3 (La.1987); Williams v. Keystone General Contractors, Inc., 488 So.2d 999, 1001 (La.1986); Johnson v. Insurance Co. of North America, 454 So.2d 1113, 1117 (La.1984); Berry v. Livingston Roofing Co., 403 So.2d 1247, 1249 (La.1981); Crump v. Hartford Accident & Indemnity Co., 367 So.2d 300, 301 (La.1979)." Rosell, supra, p. 844.
Preceding the pronouncement quoted above, the Supreme Court said:
"Where there are two permissible views of the evidence, the factfinder's choice between them cannot be manifestly erroneous *1158 or clearly wrong. Arceneaux [v. Domingue], supra [365 So.2d 1330] at 1333 [ (La.1978) ], Watson v. State Farm Fire & Casualty Ins. Co., 469 So.2d 967 (La.1985)." Rosell, supra, p. 844.
After careful consideration of the record, we conclude that the trial judge's findings are reasonable in light of the record viewed in its entirety.

ASSIGNMENT OF ERROR NO. 3.
Appellant contends that a deposition given by her on July 20, 1987 which was used by counsel for defendants to impeach her testimony at trial was not a deposition given by her. Instead, she urges this court to accept the statement attached to her brief as the "only deposition and/or statement she made...." There is no merit to this assignment. For purposes of clarity, however, we note that the statement attached to appellant's brief and marked for identification as P-C 1 is a statement given by appellant to a representative of The Travelers Insurance Company on or about April 28, 1987. The excerpts introduced at the trial by counsel for defendants were taken from the deposition given by Marie Allen on July 20, 1987, in accordance with the provisions of the Code of Civil Procedure. According to her own trial testimony, she recalls giving her deposition and testifying under oath on July 20, 1987. In essence, although Marie Allen contends in her brief that she gave the April 28, 1987 statement, she contradicts her trial testimony and maintains that she did not give the deposition of July 20, 1987. Therefore, Assignment of Error No. 3 is factually incorrect.

ASSIGNMENT OF ERROR NO. 4.
Finally, the appellant contends that certain conflicts of interest existed on two separate grounds: (1) that appellant's attorney's wife was and is a patient of Dr. Biddle, a treating physician of appellant; and (2) that James L. Cox, Sr. of the law firm of Cox, Cox, Townsley and Fowler, who represented appellant in this litigation, is the father of James L. Cox, Jr., a partner in the law firm of Woodley, Barnett, Williams, Fenet, Palmer and Pitre, who represented appellees. Accepting these allegations as true, we determine that these relationships create no conflict of interest as defined in the rules of professional conduct and its jurisprudential interpretations. LSBA Rules of Professional Conduct, Rules 1.7, 1.8 and 1.9.

FRIVOLOUS APPEAL
Appellees, IMTC, Inc. and The Travelers Insurance Company, answered the appeal and requested damages, to include an attorney fee and costs on the grounds that appellant filed a frivolous appeal. Article 2164 of the Code of Civil Procedure allows the appellate courts to award damages for frivolous appeal. The jurisprudence has interpreted this codal article as penal in nature. In Salmon v. Hodges, 398 So.2d 548 (La.App. 1st Cir.1979), the First Circuit enunciated the article's well-accepted interpretation:
"The statute which authorizes damages for frivolous appeals is penal in nature and must be strictly construed. Since appeals are favored, such penalties should not be granted unless they are clearly due; e.g.: when there are no serious legal questions, when it is manifest that the appeal is taken solely for the purpose of delay, when it is evident that appellant's counsel is not serious in advocating the view of law which he presents. C.C.P. art. 2164. Guidry v. Carmouche, 320 So.2d 267 (La.App. 3 Cir.1975); Jackson v. East Baton Rouge Parish School Board, 348 So.2d 739 (La.App. 1 Cir. 1977); Hebert v. Knoll, 370 So.2d 151 (La.App. 3 Cir.1979)." Salmon at p. 549.
Although LSA-C.C.P. art. 2164 does not specify what the elements of damages for frivolous appeal may consist of, and attorney fees are not allowed in the absence of a statutory authorization, the attorney fee which an appellee must pay to defend a frivolous appeal has been held to be an element of such damages. Samford v. Samford, 297 So.2d 465 (La.App.2d Cir. 1974). In Samford the court said "the damage to appellee may consist solely or principally of the fee he must pay his attorney to answer the appeal in order to establish *1159 that the appeal is frivolous." Samford at p. 468.
In the instant case, plaintiff did not file a timely brief in this court. The clerk of this court sent plaintiff a letter notifying her that her appeal would be dismissed if she failed to file a brief within thirty days. Appellant subsequently filed her brief on July 6, 1989, some seven days after its due date. The plaintiff also waived her right to oral argument of her appeal in this court by not making a timely request for oral argument. Appellant cited no legal authority in her brief in support of her specifications of error. The specifications of error were totally without merit either factually or legally. These included the specifications that conflicts of interest existed; that appellant had not given her deposition, excerpts of which were introduced by appellees' counsel; that appellant's attorney had provided inadequate legal representation; and that the trial judge had erred in his determinations of credibility. The late filing of plaintiff's brief forced defendants-appellees to file two briefs with this court.
We believe appellant is not serious in advocating the view of law which she represents and that the appeal was taken solely for the purpose of delay, or both. For these reasons we find appellant's appeal to be frivolous. See Owens v. Jackson, 550 So.2d 359 (La.App. 3d Cir.1989). In reviewing the entire record of this matter, we find that $1000 is an adequate award of damages for frivolous appeal.

CONCLUSION
The record in this case supports the trial court's stated reasons for judgment. We cannot say that the trial judge's evaluations of credibility and his factual finding that Marie Allen did not prove a work accident causing her condition are manifestly erroneous.
For the reasons given, the judgment of the trial court is affirmed. Damages in the amount of $1000 are awarded to defendants-appellees, IMTC, Inc. and The Travelers Insurance Company, and against plaintiff-appellant, for a frivolous appeal. All costs of this appeal and of the trial court are taxed to plaintiff-appellant.
AFFIRMED; DAMAGES FOR FRIVOLOUS APPEAL AWARDED.