MARVIN, Chief Judge.
In this worker's compensation action, the claimant, Mrs. Walters, appeals a judgment rejecting her demands. In proper person as the appellant, she complains that her counsel was ineffective, that the trial court should not have heard some of the evidence against her, and that she should be entitled either to benefits for permanent or temporary total disability or to supplemental earnings benefits.
We affirm.
FACTS
Mrs. Walters, who was then pregnant, was a 28-year-old nurse’s aid trainee at the Northwest Louisiana State School when she strained her low back in 1984. At all times, before and after she gave birth to her child in early 1985 and during the 13 months she was paid weekly benefits and was under medical supervision and treatment, she weighed more than 195 lbs., being 5' 3" tall.
For about 10 months she saw an orthopedist, Dr. McAlister, who had a consulting neurosurgeon, Dr. Long, and a consulting physician, Dr. Cox, examine her. These doctors opined she could return to work. She saw another orthopedist, Dr. Sandifer, in June 1985 for a second opinion, and a general practitioner, Dr. Sarpy, in August 1985. The statutory w.c. administrative agency, OWCA, had her examined by an orthopedist, Dr. Jones, in July 1986. During 1985-1987, she saw other doctors, including a neurology resident, Dr. McWil-liams, at LSUMC in Shreveport.
In all, six doctors who examined Mrs. Walters opined that she could return to work. Her weekly benefits were terminated by the w.c. insurer in July 1985. The doctors labeled her complaints of pain as “subjective.” Some attributed her complaints to Mrs. Walters being obese and almost totally sedentary. Her condition was best described as “chronic lumbar syndrome,” which one or more doctors agreed could yet be remedied by proper exercise over a period of four to eight weeks, less than a year. At least one doctor who recommended this course of treatment testified that Mrs. Walters resisted and resented, even complained about, and chose not to follow, such a recommendation.
We find no error in the judgment rejecting Mrs. Walters’ demands. The record clearly supports the result.
MRS. WALTERS’ CONTENTIONS OF PREJUDICIAL EVIDENCE AND INCOMPETENT COUNSEL
Mrs. Walters complains of the testimony of Dr. McWilliams, the LSUMC neurological resident, and Mrs. Tison, a vocational rehabilitation specialist who testified as an expert about employment available to Mrs. Walters in the Shreveport area. Even if the testimony complained of had been objected to by Mrs. Walters, the testimony was material, relevant and admissible. We also find no merit in her complaint that medical opinion evidence was heard from Drs. Long, Jones, Sarpy, Sandifer and McAlister.
Her several complaints about her attorney’s failure to represent her “in a proper and legal manner” cannot be reviewed in this appeal of the judgment rejecting her demands for w.c. benefits. Her recourse is not against the defendant in this appeal, but in a malpractice action *859 against the attorney of whose actions or inactions she complains. Allen v. IMTC Inc., 567 So.2d 1155 (La.App. 3d Cir.1990).
DISABILITY BENEFITS
Mrs. Walters did not prove that she was unable to engage in any self-employment or gainful occupation for wages on or after the date her weekly benefits were terminated by the State. She then was not permanently or temporarily totally disabled under the statute. LRS 23:1221. Patton v. Mini-Togs, Inc., 575 So.2d 864 (La.App. 2d Cir.1991).
Mrs. Walters was a high school graduate with 2½ to 3 years of college, who had worked in an office environment, as a nurse’s aide, and as a sewing machine operator or seamstress. Mrs. Walters made no attempt to follow the recommendations of the doctors who examined her or to return to any type work. Neither we nor she has any basis on which to conclude that she is unable to work because of substantial, disabling pain. There were jobs in the Shreveport metropolitan area available which paid up to $6.00 an hour and for which Mrs. Walters was qualified, according to the vocational rehabilitation expert.
Mrs. Walters complains that her geographical employment area should not be the Shreveport metropolitan area, but should be limited to the area around Ring-gold, La., which is where she resides about 40 miles southeast of Shreveport. When she was injured, Mrs. Walters was employed in the Shreveport area at the Northwest State School in Bossier, several miles east of Shreveport.
Considering the record, including the medical and other expert testimony, we agree with the trial court that Mrs. Walters was not temporarily or permanently disabled, that she cannot be classified as an odd-lot employee, and is not entitled to supplemental earnings benefits because she did not prove partial disability or inability to earn at least 90 percent of her former wages. See LRS 23:1221(3)(a); Patton v. Mini-Togs, cited supra. The State, on the other hand, established that Mrs. Walters was physically able to perform work available to her in the geographic region, § 1221(3)(c)(i); Barton v. Wausau Ins. Co., 545 So.2d 1248 (La.App. 2d Cir.1989).
DECREE
The trial court’s factual and legal conclusions and its judgment are supported by the record and are not clearly wrong. At appellant’s cost, the judgment is AFFIRMED.
APPLICATION FOR REHEARING
Before MARVIN, LINDSAY, HIGHTOWER, BROWN and STEWART, JJ.
Rehearing denied.