916 So.2d 175 (2005)
Anderson WALLACE
v.
PFG
No. 2004 CA 1080.
Court of Appeal of Louisiana, First Circuit.
May 6, 2005.
*176 Anderson Wallace, Houma, Plaintiff-Appellant In Proper Person.
Maurice E. Bostick, Kimberly M.A. Nieting, New Orleans, for Defendant-Appellee, PFG Caro.
Before: CARTER, C.J., PETTIGREW, and McDONALD, JJ.
CARTER, C.J.
In this appeal, a workers' compensation claimant challenges a judgment rendered in favor of his previous employer, assessing him with a civil penalty, finding that he had forfeited his right to receive workers' compensation benefits, and dismissing his claim. For the following reasons, we affirm.

BACKGROUND
The claimant, Anderson Wallace, filed a disputed claim for compensation against his former employer, PFG Caro.[1] The claimant, a truck driver, alleges that while working on April 6, 2002, he was injured when his hand slipped off of a wet bar as he was exiting a trailer, causing him to fall to the ground. The alleged accident was not witnessed; however, the claimant contends that he reported the accident to his supervisor on April 8, 2002.
The employer filed a peremptory exception raising the objection of no cause of action, as well as an answer in which it denied that a work-related accident occurred. The employer based the denial on the following: (1) it had no record that the claimant had ever reported an accident; (2) the claimant continued to work without any absences and performed all of his duties for four months after the alleged accident, from April 6 to July 29, 2002, after which the claimant never returned to work; (3) the claimant did not seek any medical treatment for his alleged injuries until August 1, 2002, and the medical records indicated that his treatment was for a "stiff back" he suffered when he awoke on July 31, 2002; (4) the claimant did not report any work-related accident to his medical providers until five months after the alleged accident; and (5) the claimant denied that his disability was related to a work-related accident when he applied for short-term disability benefits.
The record indicates that prior to trial, two different attorneys withdrew as the claimant's counsel. On September 5, 2003, the claimant requested that his September 8, 2003 trial date be continued so that he could obtain a new attorney and a second medical opinion. The claimant's second attorney withdrew on September 10, 2003. *177 The WCJ reset the matter for trial on the merits on November 3, 2003. A telephone status conference was held on October 31, 2003, wherein the WCJ notified the parties that the claimant's motion to enforce a subpoena and new motion to continue the trial were set for hearing on November 3, 2003. The hearing on the motions was to occur immediately prior to the trial on the merits.
Despite notice of the hearing and trial date, the claimant did not show up in court. The employer's attorney was present. After a full discussion on the record regarding the claimant's absence, the WCJ denied both of claimant's motions and proceeded to hear the trial on the merits. The WCJ allowed the employer to introduce documentary evidence, including the claimant's certified medical records, medical depositions, and the deposition of the claimant. The employer also called two witnesses to testify, establishing that the claimant never reported a work-related injury to his employer, the claimant continued to work for four months after the alleged date of the accident, the claimant could go back to work as a truck driver, and the claimant had made misrepresentations to doctors as well as in an application for disability benefits.
The WCJ proceeded to take the case under advisement, allowing the parties time to file post-trial briefs. Both the employer and the claimant filed briefs, after which the WCJ rendered judgment in favor of the employer on December 3, 2003. The WCJ found that the claimant was not entitled to medical expenses, disability benefits, penalties or attorney fees, because he had not proven that he was injured due to a work-related accident. The WCJ further found that the claimant had violated LSA-R.S. 23:1208, assessed a $5,000.00 civil penalty against the claimant, ruled that the claimant had forfeited his rights to workers' compensation benefits, and dismissed the claimant's claim with prejudice at his costs.
On December 29, 2003, the claimant (still voluntarily representing himself) moved for and was granted an appeal. The claimant also moved for a new trial. After a hearing, the WCJ denied the motion for new trial. On appeal, the claimant does not dispute the findings of the WCJ. Rather, the claimant contends: (1) the WCJ erred in failing to hear the employer's peremptory exception raising the objection of no cause of action prior to the trial on the merits; (2) the WCJ abused its discretion by denying the claimant's motion for new trial; and (3) the claimant was denied due process of law due to ineffective assistance of counsel.

DISCUSSION

Peremptory Exception
The claimant is attempting to revive a peremptory exception raising the objection of no cause of action that was filed by the employer at the same time that the employer filed its answer in this case. By proceeding to trial on the merits without urging the exception, the employer, in effect, waived the exception. General Motors Truck Co. of Louisiana v. Caddo Transfer & Warehouse Co., 175 La. 644, 144 So. 134, 135 (1932). The WCJ decided the case on the merits, without reference to the exception. Having done so, it must be considered that the exception was effectively overruled. Roddy v. Norco Local 4-750, Oil, Chemical and Atomic Workers International Union, 332 So.2d 576, 578 (La.App. 4 Cir.1976); Humble Oil & Refining Co. v. Doughty, 254 So.2d 313, 314-315 (La.App. 4 Cir.1971). This assignment of error is without merit.

*178 Motion for New Trial

The claimant argues that the WCJ abused its discretion when it denied his motion for a new trial, because the claimant's motion for a continuance of the trial date should have been granted to allow him time to obtain a new attorney. We note that the record clearly reflects that the claimant had knowledge that his motion for a continuance would be heard prior to the trial on the merits, yet the claimant intentionally chose not to appear in court. The record also reflects that the trial date had been continued once before so that the claimant could obtain new counsel, but he failed to do so. There is no indication of how another continuance would have helped the claimant procure a new attorney, when in fact, the claimant continues to represent himself. The WCJ, in its vast discretion, decided not to accept the reasoning behind the claimant's failure to appear and declined to grant another continuance. Under these circumstances, we find no abuse of discretion in the denial of the continuance or the denial of the claimant's motion for new trial on those grounds. See Hebert v. C.F. Bean Corporation, 00-1029 (La.App. 4 Cir. 4/25/01), 785 So.2d 1029, 1030-1031. The claimant intentionally decided not to attend the trial and he persisted in voluntarily representing himself after the trial; his ignorance of the law and lack of diligence in not enlisting the services of a new attorney is not an excuse. A trial court has inherent power to take whatever reasonable actions are necessary to maintain control of its docket. Id. at 1031. Therefore, we find no merit in this assignment of error.

Ineffective Assistance of Counsel
Finally, the claimant contends that he was denied due process of law because of the ineffective assistance of counsel displayed by both of his attorneys who eventually withdrew from representing him. We note that this is a civil proceeding and the Sixth Amendment to the United States Constitution does not guarantee reasonably effective assistance of counsel in this instance. The claimant is confusing this civil action with the rights he would be afforded in a criminal proceeding. See Washington v. Reed, 95-1067 (La.App. 1 Cir. 2/23/96), 668 So.2d 1313, 1315; Allen v. IMTC Inc., 567 So.2d 1155, 1157 (La. App. 3 Cir.1990). The claimant's complaints about his attorneys cannot be reviewed in this appeal of the judgment rejecting his workers' compensation claim. If the claimant's attorneys provided inadequate services, his recourse is not against his employer in this appeal, but in a malpractice action against the attorneys of whose action or inaction he complains. Richard v. Dupuis, 94-215 (La.App. 3 Cir. 11/23/94), 649 So.2d 718, 723 writ denied, 94-3009 (La.2/9/95), 650 So.2d 245; Walters v. State Through Dept. of Health and Human Resources, 575 So.2d 857, 858-859 (La.App. 2 Cir.), writ denied, 580 So.2d 927 (La.1991). Thus, we find this contention to be without merit.

CONCLUSION
For all of the reasons assigned, the judgment of the WCJ is hereby affirmed. All costs of this appeal are to be paid by the claimant/appellant, Anderson Wallace.
AFFIRMED.
NOTES
[1] The Disputed Claim for Compensation form incorrectly identifies the employer as "PFG."