STATE OF LOUISIANA

COURT OF APPEAL

FIRST CIRCUIT

NO. 2023 CA 1200

CAROLYN GUNTZ WILDERSON

VERSUS

MAYA LUCILLE GUNTZ FLOWERS

Judgment Rendered: JUL 1 6 2024 _____

* * * * *

Appealed from the
19th Judicial District Court
Parish of East Baton Rouge, State of Louisiana
No. C617503

The Honorable Donald R. Johnson, Judge Presiding

* * * * *

| | |
|---|---|
| Maya Guntz Flowers<br>Baton Rouge, Louisiana | Defendant/Appellant,<br>In Proper Person |
| Stephen C. Myers<br>Baton Rouge, Louisiana | Counsel for Intervenor/Appellee,<br>George Bayhi, through<br>Dominus LLC |

* * * * *

BEFORE: WELCH, WOLFE, AND STROMBERG, JJ.

**WOLFE, J.**

This is an appeal of a judgment declaring a Sheriff's sale of property to be valid and the purchaser to be its owner, directing the distribution of the sale proceeds, and denying claims by the previous owner. We vacate and remand.

## FACTS AND PROCEDURAL HISTORY

In 2003, the heirs of William McKinley Guntz and Carrie Mary Smith Guntz acquired ownership of succession property located at 2195 Christian Street, in Baton Rouge. By 2012, Maya Guntz Flowers (who inherited the interest of one of the original heirs) had acquired an undivided 5/6 interest in the property and Carolyn Guntz Wilderson (an original heir) remained owner of an undivided 1/6 interest. Wilderson instituted this suit, seeking a judicial partition of the property and reimbursement for expenses related to her ownership interest.

As Wilderson requested, the trial court ordered that the property be sold at public auction. On July 6, 2017, the trial court signed a judgment ordering that Wilderson be reimbursed $2,552.98, for her costs, expenses, and reimbursement claims to date. Flowers purchased the property at the public sale conducted on November 15, 2017. After further disputes over division of the sale proceeds, the trial court signed a stipulated judgment on October 20, 2018, wherein the parties agreed, among other things, that Flowers would pay Wilderson $2,052.98, which represented Wilderson's reimbursement claim less $500.00 that Wilderson owed to Flowers.

When Wilderson was not promptly paid, she began taking steps to recoup the amount owed her. Pertinently, she filed multiple requests for issuance of writs of *fieri facias* ("fifa") for the sale of Flowers' property, including the Christian Street property, to satisfy the judgment. Wilderson's requests for issuance of writs of fifa were granted, and the Sheriff again seized the property for sale—this time to satisfy the judgment. In the meantime, Wilderson filed a series of related pleadings in

which she requested payout from the proceeds of the Sheriff's sale, attesting that she was owed the principal amount of $2,052.98, as well as accruing interest and costs. By 2021, Wilderson claimed that the balance she was owed totaled $21,452.05. In those pleadings, she also requested "additional damages" to be determined by the trial court to defray the costs she incurred as a result of Flowers' failure to timely pay the judgment and property taxes.

On July 12, 2021, Flowers filed a petition for injunctive relief, in which she stated that the property was set to be sold at Sheriff's sale on July 14, 2021. Flowers sought to enjoin the sale, asserting that the money judgment Wilderson was attempting to execute did not exist. Flowers further sought to enjoin Wilderson from enforcing or executing a money judgment against her until such time as a valid judgment was entered or a hearing could take place.

With the petition, Wilderson submitted a proposed order, which contained two rulings in separate paragraphs. The first granted a temporary restraining order that restrained and enjoined the property sale and granted the requested injunctive relief. The second included spaces for the court to fill in a date and time for a contradictory hearing on the request for preliminary injunction. The trial court signed the order on July 13, 2021, on the signature line provided, and in the space between the text for setting the hearing and the text for the court to indicate the date and location in which the order was signed, the trial court added "Denied. Defendant's request does not meet the irreparable injury law and Defendant has not provided security." The spaces for the trial court to fill in the date of the requested contradictory hearing were left blank.

The property was not sold in 2021 and was set for sale again in 2022. Days before a March 23, 2022 scheduled sale, Flowers filed a motion to nullify several judgments, as well as the writs of fifa, on the grounds of fraud and ill practices and failure to comply with court rules. Alternatively, she sought an injunction against

3

the sale of the property "until such time as a new trial." The motion was set for contradictory hearing on April 25, 2022; however, it is unclear what, if any hearing, transpired that date.

The property was not sold at the Sheriff's sale held in March and was scheduled for sale again on May 18, 2022. The trial court also set a status conference in this matter for May 31, 2022. George Bayhi filed a motion to intervene in the suit for purposes of the status conference, alleging that he purchased the property at the Sheriff's sale conducted May 18, 2022, and therefore had an interest in the suit. The trial court granted Bayhi's motion.

Flowers and Bayhi participated in the May 31, 2022 status conference. The notary public who had been appointed in 2015 to make recommendations to the court about claims relative to the original Sheriff's sale of the property and who was still owed amounts relative to that appointment also participated, stating that she learned of the status conference through Bayhi's counsel. Wilderson did not participate, although it is unclear if she had notice thereof.

At the status conference, the trial court invited the parties to present their perspectives on "where we are." Flowers explained that she filed the motion to nullify the writs of fifa, which she characterized as attempts by Wilderson to expand her right of recovery under the original judgment. Flowers represented that the trial court had issued a stay pending a ruling on the matter, but notice of the stay was not given to the Sheriff, and the property was set for sale. The notary explained that Wilderson's recent attempts to collect in excess of $20,000.00 were "odd" and "not in line at all with the judgment that the court had rendered." The notary stated that she was there only to protect her claim for the original fees owed her. Bayhi's attorneys explained that Bayhi purchased the property at Sheriff's sale on May 18, 2022, and that the other parties' disagreement over the proceeds was separate from his ownership claim.

4

At the conclusion of the status conference, the trial court ordered that the parties file pleadings asserting any causes of action, claims, or rights in the matter by June 9, 2022. The trial court explained that this was because, procedurally, it needed "to get everybody … on record with respect to what claim [they were] making." The trial court confirmed that it would issue a ruling on June 24, 2022, based on those pleadings. When Flowers pointed out that Wilderson was not present, the trial court indicated it would issue an order to show cause by June 24, 2022, which would be served at Wilderson's last known address, to provide Wilderson with notice that relief would be granted or denied on June 24, 2022. The trial court signed a "Status Conference Order" on June 10, 2022, which memorialized the ruling, including the June 9, 2022 deadline for the filing of pleadings to be considered and ruled upon on June 24, 2022.

In accordance with the trial court's order, Flowers filed a memorandum challenging Wilderson's right to obtain a writ of fifa, arguing that the writs of fifa should be annulled, and contesting the propriety of the Sheriff's sale that took place before the court ruled on her claims. Bayhi filed a Petition for Declaratory Judgment, seeking a declaration that he was the lawful purchaser and rightful owner of the property, as well as his costs and attorney's fees for having to defend his title. Bayhi also filed a memorandum, in which he argued that even if Flowers was correct that Wilderson was not entitled to expand the amount she was owed beyond that of the original judgment, the Sheriff's sale was still valid based on the initial writ of fifa. He pointed out that no injunction or legal impediment prevented the sale, and that Flowers' arguments were relevant only to distribution of the sale proceeds.

On June 24, 2022, the trial court signed a judgment, which stated that the "matter came before the court May 31, 2022[,] on a [s]tatus [c]onference and on consideration of [the] [p]etition for [d]eclaratory [j]udgment." The judgment noted the parties who had been present and provided a listing of relevant filings and the

5

rulings. Based thereon, the trial court declared that the May 18, 2022 Sheriff's Sale was "a valid, proper[,] and legal sale" and that Bayhi, the lawful purchaser, was rightful owner of the property. Flowers' claims were denied. The trial court ordered payment of amounts owed to the notary from the sale proceeds, but ordered that the remainder of the proceeds be held in the registry of the court until further notice "after further examination and determination of concerning the Accounting of the sale proceeds."

Flowers now appeals the June 24, 2022 judgment, contending the trial court erred in 1) denying her motion to nullify judgments that substantively amended the June 12, 2017 and October 18, 2018 judgments; 2) validating a Sheriff's sale that took place while a motion for new trial was pending and before the expiration of her delay for taking a suspensive appeal; 3) granting a writ of fifa for an amount greater than that of the judgment it sought to enforce; 4) in ordering the issuance of a writ of fifa in an indeterminate amount; and 5) in denying her motion for new trial when issuing a declaratory judgment that determined ownership of the property without resolving the uncertainty relative to the sale proceeds and whether the writ of fifa that gave rise to the sale was valid, timely, and enforceable.

## DISCUSSION

A trial court has the inherent power and authority to control its docket. See **Wallace v. PFG**, 2004-1080 (La. App. 1st Cir. 5/6/05), 916 So.2d 175, 178. Furthermore, La. Code Civ. P. art. 1551(A) authorizes the trial court to direct attorneys and parties to appear before it for conferences to consider:

> (1) The simplification of the issues, including the elimination of frivolous claims or defenses.
>
> (2) The necessity or desirability of amendments to the pleadings.
>
> (3) What material facts and issues exist without substantial controversy, and what material facts and issues are actually and in good faith controverted.

6

(4) Proof, stipulations regarding the authenticity of documents, and advance rulings from the court on the admissibility of evidence.

(5) Limitations or restrictions on or regulation of the use of expert testimony under Louisiana Code of Evidence [a]rticle 702.

(6) The control and scheduling of discovery including any issues relating to disclosure or discovery of electronically stored information, and the form or forms in which it should be produced.

(7) Any issues relating to claims of privilege or protection of trial preparation material, and whether the court should include agreements between counsel relating to such issues in an order.

(8) The identification of witnesses, documents, and exhibits.

(9) The presentation of testimony or other evidence by electronic devices.

(10) Such other matters as may aid in the disposition of the action.

After the conference, the court is required to "render an order which recites the action taken at the conference, the amendments allowed to the pleadings, and the agreements made by the parties as to any of the matters considered, and which limits the issues for trial to those not disposed of by admissions or agreements of counsel." La. Code Civ. P. art. 1551(B). That order then "controls the subsequent course of the action, unless modified at the trial to prevent manifest injustice." La. Code Civ. P. art. 1551(B).

Louisiana Code of Civil Procedure article 1551(D) further pertinently provides:

> If a suit has been pending for more than one year since the date of filing of the original petition and no trial date has been assigned, upon motion of any party, the court shall set the matter for conference for the purpose of resolving all matters subject to the provisions of this Article, including the scheduling of discovery, assignment for trial, and any other matters that will expedite the resolution of the suit.

Here, the trial court held a status conference then *sua sponte* ordered the parties to file any pleadings they deemed necessary to assert their claims in this matter. No responsive pleadings were allowed, and no contradictory hearing or trial was held. Instead, without the presentation of any evidence or application of

7

procedural rules, the trial court summarily rendered a declaratory judgment deciding the ownership of immovable property and denied claims challenging the judgments and orders that gave rise to the Sheriff's sale of that property.

The trial court's failure to follow procedural rules and legal principles in rendering the judgment on appeal constitutes legal error. See **Evans v. Lungrin**, 97-0541 (La. 2/6/98), 708 So.2d 731, 735. As a result, the judgment is unsupported by any competent evidence. This court has no alternative but to vacate the trial court's judgment and remand this matter for proceedings conducted in accordance with the rules of procedure and the formation of a complete record. Cf. **St. Pierre v. St. Pierre**, 479 So.2d 575, 577 (La. App. 1st Cir. 1985) (recognizing that an appellate court can remand an action for proper consideration when the record is so incomplete that it is unable to pronounce definitely on presented issues or where the parties have failed, for whatever reason, to produce available evidence material to a proper decision).

## CONCLUSION

The trial court's June 24, 2022 judgment is vacated, and this matter is remanded for further proceedings. The assessment of appeal costs shall await final disposition of this matter.

**VACATED AND REMANDED.**