477 So.2d 1289 (1985)
Norman Lee BARNETT, Plaintiff-Appellant,
v.
Connie BARNETT, Defendant-Appellee.
No. 84-756.
Court of Appeal of Louisiana, Third Circuit.
November 7, 1985.
*1290 William D. Dyess, Many, for plaintiff-appellant.
Harrington & Harrington, Eric R. Harrington, Natchitoches, for defendant-appellee.
Before FORET, DOUCET and YELVERTON, JJ.
FORET, Judge.
This is a suit for separation. Plaintiff, Norman Lee Barnett, filed suit for separation based on mental cruelty. Defendant, Connie Barnett, reconvened, seeking a legal separation based on constructive abandonment. The trial court granted a legal separation based on the mutual fault of plaintiff and defendant. Plaintiff has appealed and raised the following issues:
(1) Whether the trial court erred in not allowing the introduction of evidence of defendant's infidelity which occurred prior to the couple's reconciliation; and
(2) Whether the trial court erred in finding plaintiff at fault in causing the separation.

FACTS
Plaintiff, Norman Lee Barnett, and defendant, Connie Barnett, were married on September 2, 1966, in Hamburg, Arkansas. The couple later moved to Natchitoches, Louisiana. At some point in time, the couple separated, but they reconciled in October of 1983. On December 23, 1983, plaintiff observed his wife's car parked in front of the home of Bob Hardamon, who was a teacher at the vocational technical school his wife attended. When his wife returned home, plaintiff ordered her to leave the home. She refused, telling him that she was going to spend Christmas at home with her children. Defendant apparently moved into the living room, but continued to reside in the house. On a number of occasions after that, plaintiff told defendant that she would have to leave if she did not quit seeing Hardamon. On January 16, 1984, plaintiff repeated his ultimatum, and defendant left the home. At trial, defendant admitted having been at Hardamon's house, but claimed it was only to pick up some jewelry made by another student at the vocational technical school. She also acknowledged that she had talked to Hardamon on the telephone at least twice, but *1291 again claimed that the conversation concerned the jewelry.

EXCLUSION OF EVIDENCE OF EVENTS PRIOR TO THE COUPLE'S RECONCILIATION
Plaintiff contends that the trial court erred when it excluded evidence of infidelity on the part of defendant because that infidelity had occurred before the couple's reconciliation. Plaintiff correctly points out that evidence of events occurring prior to a reconciliation is admissible to corroborate a new cause of action which has arisen after the reconciliation. LSA-C.C. Art. 153; Bloodworth v. Bloodworth, 306 So.2d 812 (La.App. 3 Cir.1975); Seymour v. Seymour, 423 So.2d 770 (La.App. 4 Cir.1982).
A ruling by the trial court that evidence of events occurring prior to the reconciliation was inadmissible would have constituted error on the part of the trial court. Such a ruling, however, does not appear in the record before us. At one point in the trial of this matter, defendant's attorney does object to testimony concerning pre-reconciliation events. The trial court, however, did not rule on this objection since plaintiff's attorney simply acquiesced. It is only by way of the briefs submitted to this Court that we learned of the ruling of the trial court, which apparently was made at a pre-trial conference. Neither this ruling, nor any objection to it, appear of record. An appellate court may not consider evidence which is not part of the record, nor can it receive evidence to supplement the record. Good v. Louisiana Commission of Governmental Ethics, 370 So.2d 123 (La.App. 1 Cir.1979), writ denied, 371 So.2d 836 (La.1979). It was encumbent upon plaintiff's attorney to make the ruling a part of the record. We cannot consider an objection to a ruling by the lower court when that ruling does not appear in the record.

PLAINTIFF'S FAULT
In her answer to plaintiff's suit, defendant reconvened, seeking a separation based on her husband's constructive abandonment. In finding the couple mutually at fault, the court must have found that plaintiff was guilty of constructive abandonment.
Plaintiff had ordered his wife to leave their home on December 23, 1983, after seeing her car parked in front of the home of Bob Hardamon, a teacher who taught at the vocational technical school which his wife attended. Plaintiff testified that his wife had had "a relation" with this man. He also testified that since their reconciliation, his wife had told this man that she was not completely happy living with plaintiff. Defendant did not leave the home on December 23. In fact, she remained until January 16, 1984. Plaintiff testified that after December 23, his demand that his wife leave the home was always conditional, namely, that she leave if she refused to stop seeing Hardamon. Although the wife's testimony was not entirely clear on this point, she did acknowledge that on the day she left the marital domicile, her husband's demand for her to leave was conditional.
Under the circumstances, plaintiff's demand that defendant leave the home if she did not stop seeing Hardamon did not constitute constructive abandonment on his part. The husband's demand and his wife's decision to leave were the result of an altercation in which the wife was, at least, as much at fault as her husband. When an abandonment results from an altercation in which the husband and the wife are equally at fault, the abandonment does not constitute fault sufficient to form the basis of a separation. Gilberti v. Gilberti, 338 So.2d 971 (La.App. 4 Cir.1976); Wood v. Wood, 227 So.2d 656 (La.App. 3 Cir.1969). The trial court erred in granting the separation based on mutual fault since defendant failed to prove that plaintiff was guilty of any fault sufficient to sustain the granting of a separation. See LSA-C.C. Art. 141; Harrington v. Campbell, 413 So.2d 297 (La.App. 3 Cir. 1982).
*1292 The wife has not appealed, and accordingly, the trial court's determination that she was at fault in this separation has become final.

DECREE
For the foregoing reasons, the judgment of the trial court is amended as follows:
IT IS ORDERED, ADJUDGED, AND DECREED that there be judgment in favor of plaintiff, NORMAN LEE BARNETT, and against defendant, CONNIE BARNETT, granting plaintiff a separation from bed and board based on mental cruelty.
In all other respects, the judgment of the trial court is affirmed. All costs of this appeal are assessed against defendant, Connie Barnett.
REVERSED IN PART AND RENDERED.