*989 THIBODEAUX, Chief Judge.
[jThe Rapides Parish Police Jury appeals the trial court’s grant of an exception of prescription dismissing the Catahoula Duck Club & Lodge L.L.C. from the Police Jury’s attempt to obtain a declaratory judgment seeking to annul a sheriffs sale and recognizing that it has a right of way servitude across rural property located in that parish. The trial court recognized that the Police Jury was entitled to notice of the sheriffs sale. Relying on La. R.S. 13:3886.1(A), however, it determined that the one year prescriptive period provided for in the statute applied to the nullity request. We affirm, but for reasons different from those relied upon by the trial court.
I.

ISSUE

We shall determine whether the Police Jury’s request to nullify a public sale on the basis of a federal due process violation was proper and whether La. R.S. 13:3886.1(A) applies under the circumstances of this case.
II.

FACTS

The immovable property at issue is located in the Northeast Quarter of the Northwest Quarter of fractional Section 4, Township 5 North, Range 3 East of Rap-ides Parish and was acquired by Richard Daigre in two separate transactions.[1] Richard Daigre died on April 10, 2001, and on July 8, 2003, the administrator of his succession, James L. Broadwell, III, and the then President of the Rapides Parish Police Jury, Richard W. Billings, executed a document entitled “SERVITUDE OF UWAY FOR PUBLIC ROAD” (Servitude Agreement) which purports to grant the Police Jury “a servitude and right of way over and across [the Daigre property].”
Attached to the Servitude Agreement are two plats. The first was prepared by Frank L. Willis, a land surveyor, and dated September 26, 1984. The plat depicts the property at issue and shows a dirt or gravel road traversing part of the property, running from the northeast to the southwest across the property, and connecting with a public road on the west side of the property. The northeast end of the road does not completely traverse the property. The second plat, which is dated August 14,1998, was also prepared by Mr. Willis and shows a twelve-foot wide gravel road in the same location as the road shown on the 1984 plat. The primary difference between the two plats is that in the second, the road completely traverses the property on the northeast side. It is this twelve-foot strip that constitutes the right of way granted to the Police Jury.
This litigation arises because on February 20, 2004, while the property was still under administration, the Southern Heritage Bank instituted foreclosure proceedings on the property. This action resulted in a public sale of the property at a Rap-ides Parish Sheriffs sale on September 27, 2006. The Police Jury received no notice of any step in these proceedings.
After it purchased the property at the public sale, the Southern Heritage Bank conveyed the property to Thomas Reich, who subsequently entered into agreements transferring an interest in the property to the defendants in this litigation: the Cata- *990 houla Boys Hunting and Social Club, Inc.; the Catahoula Duck Club; Richard E. Lee; and, Betty Lee Kirst Dent. On April 4, 2008, the Police Jury brought suit against these defendants, seeking to nullify the public sale and to have its servitude recognized. Thereafter, the Catahoula Duck Club filed exceptions of prescription and |3no cause of action.[2] After a hearing, the trial court granted the exception of prescription, and the Police Jury perfected this appeal.
III.

LAW AND DISCUSSION

The Police Jury sought relief from the trial court based on the United States Supreme Court holding in Mennonite Bd. of Missions v. Adams, 462 U.S. 791, 103 S.Ct. 2706, 77 L.Ed.2d 180 (1983). There, the Supreme Court held that before a state may deprive a person of a legally protected right to life, liberty, or property, it must first provide notice which is reasonably calculated, under all circumstances, to apprise the interested party of the pending action and afford them an opportunity to object. In Mennonite, a mortgagee learned two years after the fact that property on which it held a mortgage was sold pursuant to a tax sale. In that instance, an Indiana statute provided for notice by three consecutive weeks of publication and by notice posted at the courthouse. Under the facts of Mennonite, the Supreme Court held that constructive notice via publication alone was unreasonable, especially as the mortgagee’s address was easily ascertainable. Because the mortgagee’s address was discoverable, the Supreme Court held that, in that instance, notice reasonably calculated to inform the mortgagee of the pending suit would have been through personal service or by mail.
The Police Jury argued that the July 2003 Servitude Agreement conveyed to it a property interest entitling it to notice of the foreclosure proceedings, and that the failure to provide it with notice violated its due process rights as provided for in U.S. Const, amend. XIV, as recognized by the Mennonite decision. In its treasons for judgment, the trial court agreed with the Police Jury’s argument that it was entitled to notice pursuant to Mennonite, but concluded that the prescriptive period set forth in La. R.S. 13:3886.1(A) applied and that the Police Jury’s claim had prescribed. Louisiana Revised Statutes 13:3886.1(A) provides in pertinent part:
The failure to notify any lienholder or other interested person having an interest in the property shall not affect the rights of the seizing creditor nor invalidate the sheriffs sale; nor shall any lien, privilege, or other encumbrance that is inferior to the rank of the lien of the seizing creditor affect the property after the sheriffs adjudication. The exclusive remedy for any person affected by the provisions of this Subsection shall be to institute a claim by summary pleadings, within one year from the date of the sheriff’s adjudication, proving that he has been damaged by the failure to notify him.
(Emphasis added).
We decline to address the Police Jury’s argument that the trial court’s holding violated its Fourteenth Amendment due process rights by refusing to find that the sale of the subject property via sheriffs sale was null and void for failing to provide it *991 with prior notice as required by Mennonite, 462 U.S. 791, 103 S.Ct. 2706, 77 L.Ed.2d 180. This argument, as expressed on appeal, is an indirect constitutional attack on La. R.S. 13:3886.1, and the Police Jury did not challenge the constitutionality of La. R.S. 13:3886.1. The Police Jury itself framed the issue as, “[c]an Louisiana Revised Statute 13:3886.1, which attempts to provide a one year prescriptive period to remedy the failure of notice, limit the Federal Constitutional notice requirement?” Thus, the Police Jury is asserting that La. R.S. 13:3886.1 provides an unconstitutional limitation on the federal constitution’s Fourteenth Amendment due process provisions.
As stated by the Louisiana Supreme Court in State v. Hatton, 07-2377, p. 13 (La.7/1/08), 985 So.2d 709, 718, we are “not required to decide a constitutional issue unless the procedural posture demands that [we] do so.” The party raising the 1 Bissue bears the burden of proving a statute unconstitutional. Id. To do so, the complaining party must first raise the statute’s unconstitutionality in the trial court, through specific pleadings which particularize the grounds for the claim. Vallo v. Gayle Oil Co., Inc., 94-1238 (La.11/30/94), 646 So.2d 859. Furthermore, the pleading attacking the statute’s constitutionality must be served on the attorney general, affording him the opportunity to be heard on the issue. La. R.S. 49:257(C) and La. Code Civ.P. art. 1880. Here, none of the aforementioned requirements have been met, and we will not address the constitutionality of La. R.S. 13:3886.1. Thus, the only issue we have before us is whether the prescriptive period set forth in La. R.S. 13:3886.1 applies in this ease.
Considering only that issue, we find that La. R.S. 13:3886.1 does apply, and the Police Jury’s request for relief has prescribed. The sheriffs sale occurred on September 27, 2006, and the Police Jury did not file this suit until April 4, 2008. Pursuant to La. R.S. 13:3886.1(A), the Police Jury had one year from September 27, 2006, to institute its action for damages. As its April 4, 2008 petition was beyond the one-year-time limit, the trial court’s grant of judgment in favor of the Catahou-la Duck Club was correct.
IV.

CONCLUSION

For the foregoing reasons, the judgment of the trial court granting the exception of prescription in favor of the Catahoula Duck Club & Lodge L.L.C. is affirmed. We assess all costs of this appeal to the Rapides Parish Police Jury and set the amount of those costs at $570.50, as required by La. R.S. 13:5112.
AFFIRMED.
PETERS, J., dissents and assigns written reasons.
SAUNDERS, J., dissenting for reasons assigned by Judge Peters.

. Mr. Daigre obtained the property in two separate transactions, one being the acquisition of a 1.37 acre tract, and the other being the acquisition of a 22.320 acre tract. The larger tract surrounds the smaller on three sides, and they share a common northern boundary with an adjacent tract.

. None of the other defendants filed exceptions, and we find nothing in the record to suggest that the other defendants at any later time joined with the Catahoula Duck Club filings or acquiesced therein. Therefore, the only issue before us relates to this single defendant's filings.