NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

10-1247 consolidated with 10-1248, 10-1249

RAPIDES PARISH POLICE JURY

VERSUS

THOMAS REICH

**********

APPEAL FROM THE
NINTH JUDICIAL DISTRICT COURT
PARISH OF RAPIDES, NO. 236,506 C/W 236,507 C/W 236,508
HONORABLE GEORGE C. METOYER , JR., DISTRICT JUDGE

**********

ELIZABETH A. PICKETT
JUDGE

**********

Court composed of Ulysses Gene Thibodeaux, Chief Judge, Sylvia R. Cooks, and
Elizabeth A. Pickett, Judges.

REVERSED AND REMANDED.

Thomas O. Wells
1254 Dorchester Drive
Alexandria, LA 71303
(318) 445-4500
Counsel for Plaintiff/Appellant:
Rapides Parish Police Jury

**Joseph J. Bailey**
**Jeremy C. Cedars**
**Provosty, Sadler, deLaunay, Fiorenza and Sobel**
**P. O. Drawer 1791**
**Alexandria, LA 71309-1791**
**(318) 445-3631**
**Counsel for Plaintiff/Appellant:**
**Rapides Parish Police Jury**


**Richard E. Lee**
**810 Main St.**
**Pineville, LA 71360**
**(318) 448-1391**
**Counsel for Defendants/Appellees:**
**Thomas Reich, Catahoula Boys Hunting & Social Club, Inc.,**
**Richard E. Lee and Betty Lou Drist Dent**

**PICKETT, Judge**.

In these consolidated cases, a police jury appeals the dismissal, pursuant to an exception of res judicata, of three expropriation suits it instituted. For the following reasons, we reverse the trial court's grant of the landowners' exception.

## FACTS

On October 20, 2009, the Rapides Parish Police Jury (Police Jury) filed separate suits against landowners Dr. Thomas Reich, Catahoula Boys Hunting & Social Club, Inc., Richard E. Lee, and Betty Lou Krist Dent to expropriate property they own which is situated between Stock Landing Road and Catahoula Lake. The Police Jury sought the right of way to fulfill a contingency contained in a donation of land on Catahoula Lake for the establishment of a public landing. The donation, made on December 18, 2008, by the Saline Point Hunting Club, L.L.C. was contingent, in part, upon the Police Jury acquiring a public right of way from Stock Landing Road to the donated property. In each suit, the Police Jury averred that it passed two ordinances on January 12, 2009, and September 21, 2009, respectively, authorizing it to expropriate the right of way and to establish the public landing required to fulfill the donation's contingencies. This was made after determining that a public necessity existed for the expropriation to construct a road and that attempts to purchase the property were unsuccessful.

The defendants answered the suits, denying a public need existed for the taking of their land or for the construction of a boat landing. The suits were consolidated upon the motion of the defendants. The defendants then filed a peremptory exception of res judicata, claiming that a prior suit filed by the Police Jury on April 4, 2008, and the resulting final judgment satisfied the requirements of La.R.S. 13:4231.

In the 2008 suit, the Police Jury sought to have a sheriff's sale of the property at issue declared an absolute nullity or, in the alternative, to have the property deemed subject to the requested right of way. The Police Jury named the mortgagee that foreclosed on the property and the purchasers of the foreclosed property as defendants. The purchasers of the foreclosed property are the defendants in this litigation. In the 2008 suit, the mortgagee and the purchasers filed exceptions of liberative prescription in which they asserted that the Police Jury's failure to file suit within one year of the sheriff's sale resulted in prescription of its claims that arose from the sale as provided in La.R.S. 13:3886.1. On October 7, 2008, the trial court granted the exceptions of prescription and dismissed the Police Jury's claims. The trial court's judgment was affirmed by this court, and the supreme court denied the Police Jury's writ application. *Rapides Parish Police Jury v. Catahoula Duck Club & Lodge L.L.C.*, 09-64 (La.App. 3 Cir. 11/18/09), 24 So.3d 988, *writ denied*, 09-2778 (La. 2/26/10), 28 So.3d 279.

After a hearing on the defendants' exceptions of res judicata in this litigation, the trial court granted the exception and dismissed the Police Jury's suit. This appeal followed.

## ASSIGNMENTS OF ERROR

This appeal presents two issues for our determination: 1) did the cause of action asserted by the Police Jury exist at the time of the final judgment in the 2008 action, and 2) does the cause of action asserted by the Police Jury herein arise out of the same transaction that was the subject matter of the 2008 suit?

2

**DISCUSSION**

Louisiana's doctrine of res judicata is set forth in La.R.S. 13:4231 which provides, in pertinent part:

> Except as otherwise provided by law, a valid and final judgment is conclusive between the same parties, except on appeal or other direct review, to the following extent:
>
> . . . .
>
> (2) If the judgment is in favor of the defendant, all causes of action existing at the time of final judgment arising out of the transaction or occurrence that is the subject matter of the litigation are extinguished and the judgment bars a subsequent action on those causes of action.
>
> (3) A judgment in favor of either the plaintiff or the defendant is conclusive, in any subsequent action between them, with respect to any issue actually litigated and determined if its determination was essential to that judgment.

The party urging the exception of res judicata must prove its essential elements by a preponderance of the evidence. *Davis v. Home Depot*, 96-850 (La.App. 5 Cir. 2/25/97), 690 So.2d 208, *writ denied*, 97-728 (La. 5/1/97), 693 So.2d 740. If there is doubt as to any element, the exception must be denied. *Fox v. Reynolds Indus. Contractors,* 44,938, 44,939 (La.App. 2 Cir. 1/27/10), 33 So.3d 895, *writ denied*, 10-676 (La. 5/28/10), 36 So.3d 250.

Our supreme court has determined that La.R.S. 13:4231 requires the following elements to be present for a second action to be res judicata:

> (1) the judgment is valid; (2) the judgment is final; (3) the parties are the same; (4) the cause or causes of action asserted in the second suit existed at the time of final judgment in the first litigation; and (5) the cause or causes of action asserted in the second suit arose out of the transaction or occurrence that was the subject matter of the first litigation.

*Burguieres v. Pollingue*, 02-1385, p. 8 (La. 2/25/03), 843 So.2d 1049, 1053. The

court also determined "the chief inquiry" concerning an exception of res judicata is "whether the second action asserts a cause of action which arises out of the transaction or occurrence that was the subject matter of the first action." *Id*. *See also, Chevron U.S.A., Inc. v. State*, 07-2469 (La. 9/8/08), 993 So.2d 187.

The defendants assert that the only question this court needs to answer is: did the cause of action asserted by the Police Jury in this suit exist when its prior suit was filed and dismissed? They contend the Police Jury had the right to expropriate the right of way it seeks herein during the pendency of the 2008 suit; therefore, its failure to assert that cause of action therein renders its claims in this litigation res judicata. Contrarily, the Police Jury argues that its cause of action to expropriate the defendants' property did not exist until the property for the boat landing was donated to it *and* the expropriation ordinances which serve as the basis for this suit were passed; therefore, the exception of res judicata has no merit.

Article I, § 4(B) of the Louisiana Constitution grants the state and its political subdivisions the right to expropriate private property. That right is not unlimited however: Property can only be expropriated when it is taken "for public purposes and with just compensation." La.Const. art. 1, § 4(B)(1). Pursuant to La.R.S. 19:2, a political subdivision is authorized to "expropriate needed property" when "a price cannot be agreed upon with the owner."

The Police Jury asserted in its 2008 suit that it acquired a right of way across the property at issue before the sheriff's sale which ultimately led to the defendants' acquisition of the property by virtue of a donation dated July 8, 2003. The defendants contend the Police Jury's cause of action for expropriation arose out of the transaction or occurrence that was the subject matter of the first litigation, i.e., ownership of the

4

rights of way at issue. They further allege that the Police Jury now seeks to expropriate the identical right of way across the same properties the as in the prior suit. They point out that the Police Jury judicially confessed in its Petition that the property it seeks to expropriate is the right of way at issue in its 2008 suit.

Unless and until the Police Jury can establish a public need existed for right of way, it does not have a cause of action for expropriation. La.Const. Art. 1, § 4(B)(1); La.R.S. 19:2. The right of way the Police Jury sought to preserve in its 2008 suit was donated to it. In its 2008 petition, the Police Jury alleged that the right of way was granted to provide ingress and egress to the Saline Point Hunting Club, L.L.C., an enclosed dominant estate, as contemplated by La.Civ.Code art. 689. Nothing in the record refutes this allegation. Therefore, based on the record, the right of way was granted to provide an enclosed private landowner access to its property, and no public need for the right of way existed at that time. Consequently, the Police Jury's claims herein did not arise out of the 2008 suit.

Furthermore, the Police Jury's cause of action for the rights of way sought herein did not exist until the donation of the property for the boat landing was made *and* it determined the right of way was necessary to serve a public need. Both of these events occurred after judgment was rendered in the 2008 suit. As a result, the Police Jury's claim for expropriation did not exist at that time. For these reasons, this suit is not res judicata.

## DISPOSITION

The judgment of the trial court sustaining the defendants' peremptory exceptions of res judicata and dismissing the Rapides Parish Police Jury's suit is reversed, and this matter is remanded for further proceedings. All costs are assessed

to Dr. Thomas Reich, Catahoula Boys Hunting and Social Club, Inc., Richard E. Lee, and Betty Lou Krist Dent.

**REVERSED AND REMANDED.**

RAPIDES PARISH POLICE JURY

VERSUS

THOMAS REICH


**THIBODEAUX, Chief Judge, concurring.**

      While I question the intent of the Police Jury in promulgating the two ordinances to establish a public landing and to expropriate the property in question, I reluctantly concur in the result. The differences in the present factual circumstances are such that the cause of action does not arise "out of the transaction or occurrence that was the subject matter of the first litigation." *Burguieres v. Pollingue*, 02-1385, p. 8 (La. 2/25/03), 843 So.2d 1049, 1053.