NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

22-73 consolidated with 22-417

LAWRENCE WILSON KINGSLEY

VERSUS

ANN ELIZABETH LANGE

**********

APPEAL FROM THE
NINTH JUDICIAL DISTRICT COURT
PARISH OF RAPIDES, NO. 248025
HONORABLE PATRICIA EVANS KOCH, DISTRICT JUDGE

**********

ELIZABETH A. PICKETT
JUDGE

**********

Court composed of Elizabeth A. Pickett, Billy Howard Ezell, and D. Kent Savoie, Judges.

AFFIRMED.

Barbara Bell Melton
Christopher Chesne
Faircloth Melton Sobel & Bash, LLC
105 Yorktown Drive
Alexandria, LA 71303
(318) 619-7755
COUNSEL FOR THIRD PARTY-APPELLEE
        Crowell & Owens, LLC


Lawrence Wilson Kingsley
2161 West Ridge Drive
Lancaster, PA 17601
(646) 543-2226
PRO SE

**PICKETT, Judge.**

In docket number 22-73, Lawrence Kingsley appeals the judgment of the trial court finding his suit was abandoned for failure to take any action for three years. In docket number 22-417, Mr. Kingsley has filed an application for a supervisory writ seeking reversal of the trial court's order denying his Motion to Supplement Record and for Contradictory Hearing, which was filed after the matter was deemed abandoned.

## FACTS

This litigation began in July 2013, when Mr. Kingsley filed a petition seeking termination of a testamentary trust created in his mother's will. Mr. Kingsley was the beneficiary of the trust, and his sister, Ms. Ann Lange, was the originally named trustee, but subsequently resigned. Mr. Kingsley filed an amended petition alleging that Ms. Lange breached her fiduciary duties as trustee. Throughout the life of this case, the discovery process has been contentious. Mr. Kingsley has sought financial records from Ms. Lange and her attorneys, Crowell & Owens, LLC. He continues to allege they failed to comply with court orders ordering the production of documents. Ultimately, though, the trial court issued a judgment on March 9, 2018, terminating the trust and ordering all funds in the registry of the court paid to Mr. Kingsley. That judgment also stated, "All rights of either party are hereby reserved as they are related to any claims or defenses of the actions of the Trustee or Defense of the Trustee." Notice of this judgment was mailed to all parties on March 15, 2018.

No party appealed that judgment. No further proceedings appear in the record of this case until December 2020, when Mr. Kingsley's attorney filed a motion to withdraw. By an order dated December 21, 2020, the motion to withdraw was granted, and Mr. Kingsley was allowed to proceed in proper person.

The next filing in the record is a Motion for Contempt filed by Mr. Kingsley on July 20, 2021. In it, Mr. Kingsley alleged that Ms. Lange and Crowell & Owens, LLC failed to comply with court orders dated December 4, 2014 and February 11, 2016. Mr. Kingsley filed a Second Motion for Contempt, alleging violations of the same court orders against the Ms. Lange and Crowell & Owens, LLC, and also seeking a temporary injunction prohibiting the sale of Ms. Lange's home in Texas. These matters were set for hearing on September 20, 2021, and then continued to October 11, 2021, on the motion of Crowell & Owens, LLC.

Alan Lange, Ms. Lange's son, filed a response to the contempt motions, acting as his mother's "agent with power of attorney." Crowell & Owens, LLC, also filed an opposition to the motions for contempt. Ms. Lange's attorney, Rodney Rabalais, filed a Motion for Ex Parte Order of Abandonment on October 7, 2021, arguing that the matter was abandoned by operation of La.Code Civ.P. art. 561, effective March 10, 2021, and seeking dismissal of all motions filed after that date. This motion was accompanied by an affidavit of Mr. Rabalais.

At the hearing on October 11, 2021, the trial court found that the case was abandoned pursuant to La.Code Civ.P. art. 561. The trial court dismissed Mr. Kingsley's arguments that the abandonment motion was untimely filed or that Mr. Kingsley did not have adequate time to prepare to argue the motion at the hearing. The trial court signed an order dismissing the case as abandoned on October 11, 2021. The trial court also dismissed all motions filed after the effective date of the abandonment, March 10, 2021. Mr. Kingsley timely appealed this judgment, which is the issue presented to this court in docket number 22-73.

The writ application in docket number 22-417 is the result of the dismissal of Mr. Kingley's appeal of two orders issued after the appeal was granted. *See* *Kingsley v. Lange*, 22-154 (La.App. 3 Cir. 5/11/22)(unpublished opinion). After

2

his motion to appeal was granted, Mr. Kingsley filed an order asking the trial court to prevent Crowell & Owens, LLC from intervening in the appeal and opposing his motion to designate the record. The trial court denied that motion on December 15, 2021. Mr. Kingsley filed a second motion to supplement the record and for a contradictory hearing that was denied by the trial court on January 21, 2022. Mr. Kingsley filed a motion for appeal of these two rulings on February 14, 2022. This court dismissed the appeal as taken from interlocutory rulings. This court further determined that the delay for seeking an application for supervisory writs had run with respect to the December 15, 2021 order. We did allow Mr. Kingsley to file an application for supervisory writs seeking review of the January 21, 2022 ruling of the trial court.

The appeal and writ application were subsequently consolidated by this court.

## ASSIGNMENTS OF ERROR

In his pro se brief, Mr. Kingsley offers six arguments why the order of abandonment should be set aside:

1. Under ¶ B of Article 561, "Any formal discovery" served on all parties is a complete defense to the accusation of abandonment, and the lower court should have taken into account the discovery that was pending on Oct. 11, 2021.

2. Also as stated in C.C.P. Article 561, there is an exception to the three-year period of abandonment for succession cases, and the case at bar is the last chapter in succession of the appellant's mother.

3. Another exception to Article 561 applies when a defendant "waives [the] right to assert abandonment by taking actions inconsistent with an intent to treat the case as abandoned."

4. The facts of this case show that the appellant never abandoned it.

5. The trial court abused [its] discretion in denying the two post-judgment motions.

3

6. This case is ripe for a landmark decision addressing constitutional problems with Article 561 itself.

In the writ application, Mr. Kingsley argues that the trial court erred by failing to grant his Motion to Supplement Record and for Contradictory Hearing, that the supplemental records should be allowed into evidence, and that Crowell & Owens, LLC, should not be allowed to intervene in this suit since it is not a party.

## **DISCUSSION**

Louisiana Code of Civil Procedure Article 561(A)(1) provides:

> An action, except as provided in Subparagraph (2) of this Paragraph, is abandoned when the parties fail to take any step in its prosecution or defense in the trial court for a period of three years, unless it is a succession proceeding:
>
> (a) Which has been opened;
>
> (b) In which an administrator or executor has been appointed; or
>
> (c) In which a testament has been probated.

Subsection (B) of Article 561 provides: "Any formal discovery as authorized by this Code and served on all parties whether or not filed of record, including the taking of a deposition with or without formal notice, shall be deemed to be a step in the prosecution or defense of an action."

In *Louisiana Department of Transportation & Development v. Oilfield Heavy Haulers, L.L.C.*, 11–912, pp. 5–6 (La. 12/6/11), 79 So.3d 978, 981–82, the supreme court discussed the purpose and history of abandonment, explaining:

> The purpose of Article 561 is the prevention of protracted litigation filed for purposes of harassment or without a serious intent to hasten the claim to judgment. *See Chevron Oil Co. v. Traigle*, 436 So.2d 530, 532 (La.1983). Abandonment is not a punitive concept; rather, it balances two competing policy considerations: (1) the desire to see every litigant have his day in court and not to lose same by some technical carelessness or unavoidable delay, and (2) the legislative purpose that suits, once filed, should not indefinitely linger,

4

preserving stale claims from the normal extinguishing operation of prescription. *Clark* [*v. State Farm Mut. Auto. Ins. Co.*], 00–3010, p[p]. 10–11 [(La. 5/15/01)]; 785 So.2d [779,] 787.

Our jurisprudence has uniformly held Article 561 is to be liberally construed in favor of maintaining a plaintiff's suit. *Id.*, p. 8; 785 So.2d at 785. Because dismissal is the harshest of remedies, any reasonable doubt about abandonment should be resolved in favor of allowing the prosecution of the claim and against dismissal for abandonment. *Id.*, p. 10; 785 So.2d at 787. The intention of Article 561 is not to dismiss suits as abandoned based on technicalities, but only those cases where plaintiff's inaction during the three-year period has "'clearly demonstrated his abandonment of the case.'" *Id.*, p[p]. 8–9; 785 So.2d at 785–86 (quoting *Kanuk v. Pohlmann*, 338 So.2d 757, 758 (La.App. 4 Cir.1976), *writ denied*, 341 So.2d 420 (La.1977)). For the purpose of determining abandonment, "the intent and substance of a party's actions matter far more than technical compliance." *Thibaut Oil Co., Inc. v. Holly*, 06–0313, p. 5 (La.App. 1 Cir. 2/14/07); 961 So.2d 1170, 1172–73.

The supreme court has held that, in order to avoid a finding that a case has been abandoned pursuant to Article 561, three requirements must be satisfied: (1) a party must take some "step" in the prosecution or defense of the litigation; (2) the step must be taken in the litigation and must appear in the record, unless it is formal discovery; and (3) that step must have been taken within three years of the last step taken by either the plaintiff or defendant. *Oilfield Heavy Haulers*, 79 So.3d 978. "[A]bandonment is self-executing; it occurs automatically upon the passing of three-years without a step being taken by either party, and it is effective without court order." *Clark*, 785 So.2d at 784.

We review the trial court's finding of whether a step in the prosecution of a case has been taken as a factual finding subject to the manifest error standard of review. *Lyons v. Dohman*, 07-53 (La.App. 3 Cir. 5/30/07), 958 So.2d 771. Whether that step precludes abandonment is a question of law, which the appellate court reviews by determining if the trial court's legal decision is correct. *Id.*

In his first argument, Mr. Kingsley does not point to any formal discovery that occurred in the three years after the judgment of March 9, 2018, which would

5

preclude the finding of abandonment. Instead, he argues that the failure of Ms. Lange and Crowell & Owens, LLC, to comply with the discovery orders from 2014 and 2016 constitute a continuing obligation on the part of these parties. Alternatively, he argues that the failure to comply with these orders resulted in his inability to pursue his case and argues that doctrine of contra non valentem should apply to preclude abandonment. Mr. Kingsley cites no law to support these contentions. We note that the judgment of March 9, 2018, reserved to the parties the opportunity to litigate the issues raised by Mr. Kingsley. Mr. Kingsley's remedy was to file a motion to compel or a motion for contempt within the three-year period or else risk abandoning his action.

Next, Mr. Kingsley argues that this is a succession proceeding, as the underlying issue is the termination of a testamentary trust. In fact, this is not a succession proceeding as contemplated by Book VI of the Code of Civil Procedure. This is an ordinary civil suit brought by the beneficiary of a trust against the trustee seeking termination of the trust. The fact that the trust was created by testament does not make this case a succession proceeding.

Mr. Kingsley's next argument is that Ms. Lange's "silence during all my motions before the motion for abandonment thus lulled me into thinking that the appellee was not contesting liability, and she thereby waived abandonment." He cites *Clark*, 785 So.2d 779, but in *Clark* the supreme court held that an unconditional tender offer by a defendant constituted a waiver of abandonment. The court in *Clark* specifically held that informal settlement negotiations did not constitute a waiver of abandonment. Mr. Kingsley offers no legal support for his argument that a defendant's silence is sufficient to waive abandonment, as none exists.

6

In his fourth argument, Mr. Kingsley argues that the facts show he did not abandon this case. He argues that he made payments to his attorney, but that is not considered a step in the prosecution of the case. He also argues that he made payments to the court "on Jan. 20 and on Feb. 10, 2021." But there is no evidence of those payments in the record. If Mr. Kingsley erred and meant that he made payments in relation to the filings he made on January 20 and February 10, 20**22**, those payments are also not in the record, but would be insufficient to support his claim because they occurred outside the three-year period. He also argues that he attempted to find an attorney to replace his attorney who withdrew, but he relies on evidence never submitted in the trial court to support that claim. Of course, even if there were competent evidence in the record, such steps would not constitute a sufficient step in the prosecution of the case to avoid abandonment. He finally argues that his case was deemed abandoned because of a technicality, citing the "ambush" motion filed by Ms. Lange. Article 561 contemplates an ex parte motion to dismiss a case as abandoned. Further, the case is abandoned after three years of non-action, whether a motion is filed or not and without court order. *See Clark*, 785 So.2d 779.

For the reasons explained in our previous opinion in this matter, we will not review the trial court's ruling that Crowell & Owens, LLC should be prohibited from participating in this appeal. We reject the arguments raised in his fifth assignment of error in his appeal brief and in his writ application that the trial court should have allowed him to supplement the record with evidence never presented to the trial court. "An appellate court may not consider evidence which is not part of the record, nor can it receive evidence to supplement the record." *Barnett v. Barnett*, 477 So.2d 1289, 1291 (La.App. 3 Cir.1985).

To the extent that Mr. Kingsley raises an issue of the constitutionality of La.Code Civ.P. art. 561, that issue is not properly before this court.

> As stated by the Louisiana Supreme Court in *State v. Hatton*, 07–2377, p. 13 (La.7/1/08), 985 So.2d 709, 718, we are "not required to decide a constitutional issue unless the procedural posture demands that [we] do so." The party raising the issue bears the burden of proving a statute unconstitutional. *Id.* To do so, the complaining party must first raise the statute's unconstitutionality in the trial court, through specific pleadings which particularize the grounds for the claim. *Vallo v. Gayle Oil Co., Inc.*, 94–1238 (La.11/30/94), 646 So.2d 859. Furthermore, the pleading attacking the statute's constitutionality must be served on the attorney general, affording him the opportunity to be heard on the issue. La. R.S. 49:257(C) and La.Code Civ.P. art. 1880.

*Rapides Par. Police Jury v. Catahoula Duck Club & Lodge L.L.C.*, 09-64, pp. 4-5 (La.App. 3 Cir. 11/18/09), 24 So.3d 988, 991 (alteration in original), *writ denied*, 09-2778 (La. 2/26/10), 28 So.3d 279.

We find no error in the trial court's finding that Mr. Kingsley case should be dismissed as abandoned.

## <u>CONCLUSION</u>

The judgment of the trial court is affirmed. Costs of this appeal are assessed to Mr. Kingsley.

**AFFIRMED.**

This opinion is NOT DESIGNATED FOR PUBLICATION.
Uniform Rules—Courts of Appeal, Rule 2-16.3.

8